SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    FAX: (415) 436-6748

Attorneys for Defendant
JOHN E. POTTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY W. TAM, ) | No. 07-2747 SI |
|     Plaintiff, ) | **DEFENDANT'S AMENDED CASE MANAGEMENT CONFERENCE STATEMENT** |
|     v. ) | |
| JOHN E. POTTER, ) | Date: September 7, 2007 |
|     Defendant. ) | Time: 2:00 p.m. |
| ) | Ctrm: 10, 19th Fl. |

    Pursuant to Civil Local Rule L.R.16-9, which permits parties to file separate case management statements if one of the parties is not represented by counsel, defendant submits this Amended Case Management Statement.

    On August 24, 2007, prior to the reassignment of this case, defendant filed an initial Case Management Conference Statement. Defendant now files this Amended Case Management Conference Statement to modify previously proposed dates so that they are consistent with this Court's Scheduling Days, as reflected in its Standing Order.

DEFENDANT'S AM. CASE MANAGEMENT CONFERENCE STATEMENT
C 07-2747 SI

**1. JURISDICTION AND SERVICE**

This action is brought under Title VII of the Civil Rights Act of 1964. The Court has jurisdiction over plaintiff's cause of action under 42 U.S.C. section 2000e-5. Service has been completed.

**2. FACTS**

    **A.    Brief chronology of the facts:**

This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964. At all relevant times, plaintiff Jeffrey W. Tam was a Bulk Mail Assistant at the United States Postal Service's ("USPS") Processing and Distribution Center ("P&DC") in Oakland, California.

Plaintiff claims that his requests for reassignment, promotion, annual leave (made in January 2005) and work schedule change (made on February 2, 2005) were denied, and management did not call him in to work overtime on February12, 2005 because of race and national origin discrimination. Plaintiff also alleges that on September 23, 2004, his manager attempted to intimidate and stop him from filing a complaint or lawsuit by telling him that he always fights against the system.

Plaintiff brought these allegations before the EEO. The Administrative Judge dismissed plaintiff's claim of intimidation on the ground that it failed to state a claim and dismissed his claim that he was denied a promotion as untimely. With respect to the remaining claims, the Administrative Judge found no discrimination. In March 2007, the Office of Federal Operations affirmed the EEO's decision. Plaintiff then filed the instant lawsuit on or about May 25, 2007.

    **B.    The principal factual issues in dispute:**

Defendant believes the following factual issues are presently in dispute:

(1) Whether plaintiff's supervisors were motivated by his race or national origin in the employment actions they took.

(2) Whether plaintiff's supervisors attempted to intimidate him in order to stop him

from filing a complaint or lawsuit.

(3) The amount and nature of any damages plaintiff has suffered due to the alleged discrimination.

**3. LEGAL ISSUES**

Defendant believes the following legal issues are presently in dispute:

(1) Whether plaintiff can establish a prima facie case of discrimination based on race or national origin.

(2) Whether defendant can articulate legitimate, non-discriminatory reasons for the purported adverse employment actions taken.

(3) Whether plaintiff can prove that the articulated non-discriminatory reasons are pretextual.

(4) Whether plaintiff can meet his ultimate burden of proving that the alleged adverse employment actions were illegally based on his race or national origin.

(5) Whether plaintiff can state a claim for intimidation under Title VII.

(6) Whether plaintiff is entitled to the compensatory relief and damages claimed in the complaint.

**4.  MOTIONS**

No prior motions have been filed, and no motions are pending.  Defendant anticipates filing a motion for summary judgment and discovery motions if the need arises.

**5.  AMENDMENT OF PLEADINGS**

Defendant anticipates no amendment of its answer at this time and does not intend to join any additional parties.

**6.  EVIDENCE PRESERVATION**

Defendant is taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.  Defendant is presently aware of no document destruction programs that would apply in this case.

**7. DISCLOSURES**

Defendant is in the process of making his initial disclosures.

**8. DISCOVERY**

Defendant has not yet taken discovery. At this time, defendant anticipates taking discovery on the following subjects: the facts surrounding plaintiff's requests for reassignment and promotion; the facts surrounding plaintiff's request for annual leave from February 9, 2005 through February 11, 2005; the facts surrounding plaintiff's expectation to be called for overtime on February 12, 2005; the facts surrounding his September 23, 2004 encounter with his manager; and the scope, nature and extent of plaintiff's claim for damages. To that end, defendant anticipates propounding interrogatories, requests for admission, and requests for production of documents, and anticipates deposing plaintiff and the witnesses he may identify in his initial disclosures. In addition, to the extent plaintiff seeks damages for any physical, mental or emotional distress, defendant will request that he submit to an independent medical examination. Furthermore, defendant may designate experts in this case.

Defendant anticipates that he will need approximately eight months to complete fact discovery, and an additional month to complete expert discovery. Defendant requests no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under Rule 30.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

Defendant knows of no related cases.

**11. RELIEF**

Defendants seek no damages in this action, other than dismissal and costs.

**12. SETTLEMENT AND ADR**

The parties have not yet participated in any settlement discussions and have not yet

1 | agreed on an ADR process.  Defendant is willing to participate in mediation.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant does not consent to the assignment of this case to a Magistrate Judge.

**14.  OTHER REFERENCES**

None at this time.

**15.  NARROWING OF ISSUES**

None at this time.

**16.  EXPEDITED SCHEDULE**

Defendant does not believe an expedited schedule is appropriate for this case.

**17.  SCHEDULING**

Proposed fact discovery cut-off: May 1, 2008

Proposed cut-off for initial expert reports: May 1, 2008

Proposed expert discovery cut-off: June 2, 2008

Proposed dispositive motion hearing cut-off: July 18, 2008

Proposed pre-trial conference date: September 9, 2008

Proposed trial date: September 22, 2008

**18.  TRIAL**

Plaintiff has demanded a jury trial.  Defendant anticipates trial will last three days.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As the head of a governmental agency, defendant is exempt from the disclosure requirement of Civil Local Rule 3-16.

///
///
///
///
///
///

DEFENDANT'S AM. CASE MANAGEMENT CONFERENCE STATEMENT
C 07-2747 SI                                                                   5

**20. OTHER MATTERS THAT MAY FACILITATE DISPOSITION**

None at this time.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: August 29, 2007

_____/s/_____
JENNIFER S WANG
Assistant United States Attorney