UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JEFFREY W. TAM,<br>　　　　Plaintiff in Propia Persona,<br><br>　　v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL,<br>　　　　Defendant(s).<br>_____/ | No. C 07-2747 SI<br><br>**ORDER APPOINTING SPECIAL ASSISTED SETTLEMENT CONFERENCE COUNSEL** |

The court having ordered that this case be assigned to the Assisted Settlement Conference Program, and plaintiff having requested and being in need of counsel to assist him in the settlement conference, and a volunteer attorney willing to be appointed for the limited purpose of representing plaintiff in the settlement conference having been located by the court,

IT IS HEREBY ORDERED THAT:

Gregory Charles
Campeau Goodsell Smith
440 North 1st Street
San Jose, CA 95112

is appointed as Special Assisted Settlement Counsel. This appointment shall be pursuant to the following terms and conditions:

1. PURPOSE OF ASSIGNMENT. The assistance of special counsel is being provided to help plaintiff *in pro per* Jeffrey W. Tam prepare for, participate in, and pursue follow-up to, a

settlement conference before a magistrate judge. The role of special counsel is only to educate and assist my preparation for, participation in and follow-up to the settlement conference.

2. ACKNOWLEDGMENT OF LIMITED ROLE OF SPECIAL COUNSEL. Plaintiff understands that special counsel may only assist his participation in a settlement conference by educating and assisting him. Specifically:

- a. Special counsel will provide no other service of any kind in this case, without prior written authorization by the court to do so.
- b. The scope of special counsel's duties to plaintiff will extend no further than is necessary to educate and assist him to prepare for, participate in, and follow up on the court-annexed settlement conference.
- c. Special counsel's responsibility to help educate plaintiff about the process will not involve any control of the case or the settlement conference.
- d. Special counsel will not analyze plaintiff's overall legal needs, conduct independent investigation of this case, or represent plaintiff in this matter.
- e. Special counsel will not advise plaintiff about the need to contact other counsel for purposes of obtaining legal advice.

3. PRO SE STATUS. Plaintiff continues to provide his own representation in this case and in the settlement conference.

4. NO CONTRACT. Plaintiff understands and agrees that he has no contractual relationship with special counsel for legal or other services, and undertakes that he will enter no contract with special counsel during the time this case is in the Assisted Settlement Conference Program, absent a written order by the court permitting such a contract.

7. NO FORESEEABLE HARM. Plaintiff has assessed the prospect of participating in a settlement conference and acknowledged that there is no foreseeable harm that he will suffer in the

2

failure of the settlement conference to resolve the case, improve case management, enhance party satisfaction or understanding of the case, or to achieve any other goals of the settlement conference.

8. EVALUATION.  Plaintiff agrees to participate in the evaluation of the Assisted Settlement Conference Program, and to allow any person authorized by the Court to evaluate the Program to attend the settlement conference, all court proceedings concerning the Assisted Settlement Conference Program, and any preparatory or follow-up meetings for the settlement conference.  Plaintiff further consents to special counsel's responding to any inquiries about the case from any such person authorized by the Court to evaluate the Program.

This appointment and limited representation shall end upon the completion of the settlement conference and any follow-up activities agreed upon by the parties and the magistrate judge conducting the settlement conference, unless terminated earlier by the court.

Special Assisted Settlement Conference Counsel shall notify the court promptly upon the completion of the settlement conference and any follow-up activities.  The court shall then issue an order relieving the Special Settlement Conference Counsel from his limited representation of the plaintiff.  Thereafter, the attorney who has served as Special Settlement Conference Counsel will only be permitted to represent the plaintiff upon order of the court if there is a signed written agreement under which the attorney agrees to provide such legal services.

IT IS SO ORDERED.

|  | By: | *Susan Illston* |
|---|---|---|
| Dated |  | Susan Illston |
|  |  | United States District Judge |

C:\Documents and Settings\USDC\Local Settings\Temp\notes56FD74\~2626051.wpd