JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6967
   Facsimile: (415) 436-6748
   jennifer.s.wang@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY W. TAM, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> JOHN E. POTTER, ) <br> ) <br>     Defendant. ) <br> ) | No. 07-2747 SI <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

    For his Answer to Plaintiff's Amended Complaint, Defendant John E. Potter admits, denies, and alleges as follows:

    1. Plaintiff's preliminary statement contains prefatory statements, legal conclusions and description of the complaint to which no response is required.

    2. Defendant denies the allegations of paragraph 1.

    3. Defendant denies the allegations of paragraph 2.

    4. Defendant denies the allegations of paragraph 3.

    5. Defendant denies the allegations of paragraph 4.

    6. Defendant denies the allegations of paragraph 5.

7. Defendant denies the allegations of paragraph 6.

8. Defendant denies the allegations of paragraph 7.

9. Defendant denies the allegations of paragraph 8.

10. Defendant denies the allegations of paragraph 9.

11. Defendant denies the allegations of paragraph 10.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This court is without subject matter jurisdiction over some or all of plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he failed to exhaust all administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

The complaint and each claim asserted therein fail to state a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of sovereign immunity.

### FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks relief for alleged conduct occurring more than the prescribed number of days within which he was required to file an administrative complaint, such claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent plaintiff failed to comply with applicable regulations and statutes of limitations, including but not limited to 42 U.S.C. section 2000e-16, 29 C.F.R. section 1614.105, and/or 29 C.F.R. section 1614.407.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's relief, if any, is limited to that provided by 42 U.S.C. sections 2000e *et seq.*,

as amended by the Civil Rights Act of 1991, and 42 U.S.C. section 1981a(b)(3).

### EIGHTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred because the actions allegedly taken against plaintiff were not adverse employment actions subject to redress under Title VII.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may obtain no relief because any adverse employment actions taken against him were based on legitimate non-discriminatory reasons other than plaintiff's race, color, sex, national origin, or any prior complaints, and those reasons were and are not pretextual.

### TENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred because any adverse employment actions taken against him would have been taken regardless of his race, color, sex, national origin, or any prior complaints.

### ELEVENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred because defendant had good cause for his conduct.

### TWELFTH AFFIRMATIVE DEFENSE

Any and all conduct of which plaintiff complains or which is attributable to defendant was a just and proper exercise of management discretion undertaken in good faith, for a fair and honest reason other than plaintiff's race, color, sex, national origin, or any prior complaints.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because similarly situated employees outside his protected class were not treated more favorably than he was.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any actions and/or omissions attributable to defendant were at all times privileged or justified.

### FIFTEENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred to the extent he waived his right to recover.

///

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from asserting claims against defendant because he has induced, caused, and/or contributed to the alleged conduct of which he now complains.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he unreasonably delayed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred to the extent he failed to mitigate his alleged damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred to the extent he ratified and/or consented to any conduct of which he complains.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent it would be inequitable to allow damages or other relief based on his unclean hands and/or misconduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against any award of damages to plaintiff of any outstanding debt or obligation of plaintiff to the Postal Service or any federal agency, any worker's compensation, unemployment or disability benefits, any benefits under the benefit plans of the Postal Service or others, and any benefits from any federal agency or federally-funded agency that plaintiff receives or has received for injuries or damages alleged in the complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff knew or should have known his claims are without reasonable basis in law and equity and cannot be supported by a good faith argument for extension, modification, or reversal of existing law. Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

///

///

DEF.'S ANSWER TO SECOND AM. COMPL.
C 07-2747 SI                                  4

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because plaintiff did not exhaust any grievance and/or arbitration procedure created in a collective bargaining agreement.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The defendant is not a proper party.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff may recover only those damages allowed under the law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Title VII is the exclusive remedy for alleged employment discrimination by the federal government, and plaintiff is precluded from bringing any other claims or seeking any relief other than that provided by Title VII.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he failed to avail himself of the mechanisms defendant established to prevent and correct any allegedly unlawful conduct.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination or retaliation.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this answer to assert any other defenses in law or equity that may become apparent through the course of discovery.

WHEREFORE, defendant prays as follows:

1. That plaintiff take nothing by way of his complaint, and that the complaint be dismissed with prejudice;

2. For costs of suit and reasonable attorneys' fees incurred herein; and

///
///
///
///

1      3. For such other relief the Court deems proper.

2 DATED: March 26, 2008      Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
JENNIFER S WANG
Assistant United States Attorney