Exhibit B

1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3            SAN FRANCISCO DIVISION

4                  ---oOo---

5   JEFFREY W. TAM,

6        Plaintiff,

7   vs.                              No. 07-2747 SI

8   JOHN E. POTTER,

9        Defendant.

10   _____/

11

12

13

14

15        DEPOSITION OF BALVINDER CHADHA

16           (Pages 1 to 61)

17

18        Before SANDRA M. LEE

19           CSR No. 9971

20          February 6, 2008

21

22

23

24                    One Kaiser Plaza, Suite 505
                      Oakland, California 94612
25                    510/451-1580   Fax 510/451-3797

                      Certified Shorthand Reporters

COPY

**Aiken**
AND
**Welch**

1     A.  First of all, I don't recall what transpired at

2   the mediation.  Mr. Tam, it's been a while.  Secondly,

3   again I'm going to retrain (sic) you that the schedule

4   is based upon operational needs, workload and the bulk

5   of work, so that's what the schedule is.  And I don't

6   recall what transpired in there.  And just to let you

7   know, what was discussed in the EEO mediation, it

8   remains confidential.  We're not supposed to be

9   discussing outside anywhere else.

10     Q.  Did you only allow Mr. Tam come in 0700 hour --

11   0430 in the morning on Thursday and Friday on the

12   settlement or the mediation?

13     A.  Yes.  I believe you did.

14     Q.  So you said that if you strong on it, why

15   you -- why you allow to change 0430 in the morning?

16     A.  Because 4:00 is peek time for tour 1, and

17   having agreed to have you come at 4:30 helped tour 1 and

18   helped day shift tour 2 later on.

19     Q.  Is Mr. Tam relieve any person off Thursday and

20   Friday at 0430?

21     A.  Which year are we talking about?

22     Q.  Is Mr. Tam a relief on the bulk mail assistant?

23     A.  Yes.

24     Q.  Is there any -- any bulk mail assistant off

25   Thursday and Friday on 0430?

1  STATE OF CALIFORNIA        )

2                             )

3  COUNTY OF ALAMEDA          )

4

5        I, SANDRA M. LEE, do hereby certify:

6        That BALVINDER CHADHA, in the foregoing

7  deposition named, was present and by me sworn as a

8  witness in the above-entitled action at the time and

9  place therein specified;

10       That said deposition was taken before me at said

11 time and place, and was taken down in shorthand by me, a

12 Certified Shorthand Reporter of the State of California,

13 and was thereafter transcribed into typewriting, and

14 that the foregoing transcript constitutes a full, true

15 and correct report of said deposition and of the

16 proceedings that took place;

17       IN WITNESS WHEREOF, I have hereunder subscribed

18 my hand this 4th day of March 2008.

19

20

21

22

23                    _____

                      SANDRA M. LEE, CSR No. 9971
24                    State of California

25

Exhibit C

1            UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3             SAN FRANCISCO DIVISION

4                  ---oOo---

5   JEFFREY W. TAM,

6          Plaintiff,

7   vs.                              No. 07-2747 SI

8   JOHN E. POTTER,

9          Defendant.
    _____/

10

11

12

13

14

15        DEPOSITION OF GLORIA BENAVIDES

16            (Pages 1 to 15)

17

18         Before SANDRA M. LEE

19             CSR No. 9971

20          February 20, 2008

21

22

23

24                          One Kaiser Plaza, Suite 505
                            Oakland, California 94612
25          Aiken          510/451-1580   Fax 510/451-3797
            AND
            Welch          Certified Shorthand Reporters

8

1    Q.   What research you do behind?

2    A.   Asking the supervisor that you were supposed to

3    be working for.  I asked him, Billy Connors, if you had

4    worked the overtime, and he said no.  And that's why I

5    presented it to Chadha, and that's when Chadha told me

6    to delete it.

7    Q.   Did you look -- have you ever check the

8    computer before that day and after that day, every

9    Sunday Mr. Tam working overtime?

10   A.   No.  I didn't check for references before and

11   after.

12   Q.   Did you ask Mr. Tam -- did you told Mr. Tam you

13   took his time out?

14   A.   That's what I'm explaining to you.  You were a

15   very difficult person to catch up with, so I didn't have

16   the opportunity to say that.  But whoever was

17   supervising, I relayed the message to them to give to

18   you.  I don't know if it got through.  And if you had to

19   find out in this way, I don't know.  We were always hit

20   and miss.  I was always hit and miss with you.  I hardly

21   ever saw you.

22   Q.   But you know my working schedule in 2005

23   schedule?

24   A.   I didn't keep up with it.

25   Q.   You started at 7:00?

1  STATE OF CALIFORNIA      )

2                           )

3  COUNTY OF ALAMEDA        )

4

5       I, SANDRA M. LEE, do hereby certify:

6       That GLORIA BENAVIDES, in the foregoing

7  deposition named, was present and by me sworn as a

8  witness in the above-entitled action at the time and

9  place therein specified;

10      That said deposition was taken before me at said

11 time and place, and was taken down in shorthand by me, a

12 Certified Shorthand Reporter of the State of California,

13 and was thereafter transcribed into typewriting, and

14 that the foregoing transcript constitutes a full, true

15 and correct report of said deposition and of the

16 proceedings that took place;

17      IN WITNESS WHEREOF, I have hereunder subscribed

18 my hand this 4th day of March 2008.

19

20

21

22

23      _Sandra M. Lee_____
        SANDRA M. LEE, CSR No. 9971
24      State of California

25

Exhibit D

# UNITED STATES POSTAL SERVICE® EEO Complaint of Discrimination in the Postal Service

(See Instructions and Privacy Act Statement on Reverse)

**RECEIVED**
DEC 20 2004
BAY-VALLEY DISTRICT
DISPUTE RESOLUTION
Alameda CA 94501-6041

*874-8567*
*Balvinder Chadha*

| 1. Name | 2. SSN |
|---|---|
| m, Jeffrey | |

| Mailing Address – Street or PO Box | 4b. City State & Zip |
|---|---|
| 8 Yorkshire Road | |

| Email Address* | 6. Home Phone | 7. V (51 |
|---|---|---|

| 8. Position Title (USPS Employees Only) | 9. Grade (USPS Employees Only) | 10. Do you have Veteran's Preference Eligibility? |
|---|---|---|
| Jlk Mail Assistant | PS-06 | ☒ Yes ☐ No |

| 11. Installation Where You Believe the Discrimination Occurred (Identify Installation, City, State, and Zip+4) | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory |
|---|---|
| akland P&DC | MR KEITH INOUYE. |
| 375 7th Street | TRANSPORTATION. NET WORK MANAGER |
| akland CA 94615-9702 | |

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|
| MR Jimmy Hawkins | Shop Steward |

| 13c. Mailing Address (Street or P.O .Box) | 13d. City, State and Zip +4 |
|---|---|
| 7700 EDGEWATER DRIVE #656 | OAKLAND 94021 - 3095 |

| 13e. Email Address* | 13f. Home Phone | 13g. |
|---|---|---|
| | ( ) | ( ) |

| 14. Type of Discrimination You Are Alleging | | 15. Date on which alleged act(s) of Discrimination Took Place |
|---|---|---|
| ☒ Race (Specify): Chinese | ☐ Sex (Specify): | September 23 2004 |
| ☐ Color (Specify): | ☐ Age (40+) (Specify): | |
| ☐ Religion (Specify): | ☐ Retaliation (Specify): | |
| ☐ National Origin (Specify): | ☐ Disability (Specify): | |

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)

On September 23, 2004. MR Inouye approached and intimidate me that said I fight against the system. I replyed to him that (he knew) I could run the operation better than them (MR Inouye had denied my promotion every times in the past). MR Inouye said that was only one aspect. (see attachment)

17. What Remedy Are You Seeking to Resolve this Complaint?

Be fair, I will reserve my right to seek for monetary damage.

17. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS™ mediator?

☒ Yes **via certified mail on 12/7/04** ☒ No

(Date You Received the Notice of Final Interview)

| | 19b. Date |
|---|---|

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint |
|---|---|
| Jeffrey J w lm | Dec 20 2004 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

PS Form 2565, March 2001 (page 1 of 2)

Formal Complaint
Page 2 of 19

**UNITED STATES POSTAL SERVICE** ™

# Notice of Right to File Individual Complaint

Informal Case No.

**1F-946-0004-05**

...elee Name *(Last, First, MI)*

. am, Jeffrey

This notice will attest to the fact that on **December 7, 2004** I advised you of the actions taken the allegation(s) of discrimination which you brought to my attention. If the matter which you raised during the precomplaint processing stage has not been resolved, you have the right to file a formal complaint within 15 calendar days of the date this notice is received. PS Form 2565, *EEO Complaint of Discrimination in the Postal Service,* is being provided to you for this purpose. The complaint must be in writing, signed by you and delivered to:

[ 
**BAY VALLEY EEO COMPLAINTS
PROCESSING CENTER
PO BOX 23445
OAKLAND, CA 94623-3445**
]

The complaint will be deemed timely filed if it is delivered in person or postmarked before the expiration of the 15 calendar day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the 15-day filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age, handicap or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;
  --*If you change your address, you have a regulatory requirement to immediately report the change to the EEO Complaints Processing Office*

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the action alleged to be

  discriminatory;
  --*You cannot add matters which were not discussed during counseling.*

(3) The specific type of discrimination alleged, e.g., race-black, sex-female, etc.;
  --*If you allege handicap discrimination, the alleged handicap must be more than a temporary disability.*
  --*If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.*

(4) A brief statement of the facts which led you to believe you were discriminated against, and the names of similarly situated individuals whom
  you believe were treated differently than you.
  --*If you allege a failure to accommodate a handicap or your religion, you must explain the accommodation sought and why you sought it.*
  --*If you allege retaliation you must show a connection between the action about which you are complaining and your past EEO activity,*
and
  *you must show that management was aware that you had engaged in protected activity when the alleged discriminatory action occurred.*

## Privacy Act Statement

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et. seq, and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest, to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; in a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of

Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and the Postal Service and other federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

| Signature of Counselee | Date | Signature of Counselor | Date |
|---|---|---|---|
| *[signature]* | 12/30/04 | *Matt* Matet B. Javier | 12/7/04 |

Counselor, if Notice of Right to File is provided to Counselee by mail, it must be sent certified, return receipt requested. Attach signed PS Form 3811, Domestic Return Receipt, to this notice to evidence date of Counselee's receipt.

PS Form **2579-A**, January 1994

Formal Complaint
Page 3 of 19

After MR. Inouye's malicious Confrontation I felt very stressful. On october 15, I meet with MR Inouye at his office and demaded an explanation why he said I fight the system. MR. Inouye did not gave me any answer. So I asked about the other aspect that I was not qualifing. He said when he select people for the Position who should able to learn the administration. I said to him that you told me I went school and earned me the AA and B.S degree that I could not able to learn. MR Inouye said some of job even you had a PH.D degree still Can not do

Formal Complaint
Page 4 of 19

At that point, I said to MR Inouye that

he is prejudice against Chinese and discriminated against me. that was why you denied my promotions, denied my request for reassignment for driving, denied my request for investigation on the cutting of my TV Cord. (He said that she did and find nothing but I asked ms Delly and mr Thomas. No one even asked them anything about the matter - also I asked postal Police They did not had the incident of file that I had filed the Complaint to the police ). That was why MR Inouye set up the hours for me to work all three tours: and continued to set up bad hours for me on next Year schedule. for me to work.

I was up at MR. Inouye's office more than an hour.
The first Question I asked him was why he said I
fight the suptain. MR Inouye did not give me any answer.
I did not refuse to listen like he said. Then I asked
MR. Inouye about the other aspect that I was not quality.
MR. Inouye was far from willing help me for all these years,
but try to discourage me to be a supervissor, a couple
years back. MR Inouye said to me that now a day being
a supervisor was hard. It was not as easy as used to be.
MR Inouye. even removed from supervising. During the meeting I
asked MR Inouye if I requested back to driving, he said
he would reject it.

After more than an hour I thought our meeting would
go anywhere. and I had to go. MR Inouye would like to hold
me up for longer time. and he said he would like to set
up next meeting. I had never refused to listen.

Formal Complaint
Page 6 of 19



UNITED STATES
POSTAL SERVICE

Miss Malot Jones



RECEIVED
Week 2-9
DEC 2 0 2004
BAY-VALLEY DISTRICT
EEO DISPUTE RESOLUTION



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Formal Complaint
Page __7__ of __19__

EEO COMPLIANCE AND APPEALS SECTION
PACIFIC AREA

 **UNITED STATES**
**POSTAL SERVICE**

January 25, 2005

Certified No. 7002 2030 0002 0052 0669
Return Receipt Requested

Jeffery Tam
408 Yorkshire Road
Alameda, CA  94501

Case Number: 1F-946-0004-05
Filed On: December 20, 2004

Dear Mr. Tam

I am in receipt of your formal EEO complaint, filed on December 20, 2004.  This office has reviewed your complaint in its entirety.  However, we are unable to determine precisely what promotion management denied you and when the promotion was denied.

Please provide the date that you were denied a promotion that was within 45 days prior to October 26, 2004, to cause you to contact the Bay Valley EEO Dispute Resolution Specialist.

**29 C.F.R. 1614.107 (g) states that the agency shall dismiss a complaint or a portion of a complaint where the agency has provided the Complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the Complainant has failed to respond to the request within 15 days of its receipt. This request hereby includes notice of the proposed dismissal.  Please clarify the issues in your complaint so that it may be investigated.**

Please provide your response within fifteen (15) days of your receipt of this request.  If you have any questions or require addition time, please contact me by mail.

Jo Ann T. Dickens
A/Sr. EEO Complaints Investigator
Pacific Area
P. O. Box 130059
Daly City, CA  94013-0059

cc:  Manager, EEO Dispute Resolution, Bay Valley District

P. O. Box 130059
DALY CITY, CA  94013-0059

Formal Complaint
Page _2_ of _19_

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To   J. TAM

Street, Apt. No.; or PO Box No.   REQUESTED INFO

City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions

7002 2030 0002 0052 0669

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Jeffery Tam
   408 Yorkshire Road
   Alameda, CA  94501

   1F-946-0004-05  Requested Information

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
   STEPHEN W TAM              1/28/05

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 2030 0002 0052 0669

PS Form 3811, August 2001          Domestic Return Receipt          102

Formal Complaint
Page _9_ of _19_



RECEIVED
FEB 16 2005
BAY-VALLEY DISTRICT
EEO DISPUTE RESOLUTION

February 15, 2005

Ms. Judy Martinez
E.E.O Manager
United States Postal Service
Bay Valley EEO Complaints
Processing Center
P.O. Box 23445
Oakland, Ca 94623-3445

Case # 1F-946-0004-05

Total supporting document Pages
 EEO Case # 1F-946-0063-04 - 1 page
 EEO Case # 1F-940-0113-03 - 4 pages
 Work hour change request and
     Doctor's letter – 2 pages

CERTIFIED # 7004 1160 0002 4496 724)

PRE-01207-2005

Dear Ms. Judy Martinez,

    I would like to amend my EEO complaint case # 1F-946-0004-05 based on the following incidents that management has retaliated against me

    Mr. Chadha has refused to honor my grievance and EEO settlement, Case # 1F-946-0063-04, even I resubmitted the pay adjustment request.

    In the year of 2004, management maliciously set up an unfair and unreasonable work schedule for me. I had to work tour 1, 2 and 3 work hours each week. After I filed the EEO complaint. We settled with the 0430 starting time for Thursday and Friday. (My request was 0700 hour.) I was a relief but there was no such hour of 0430. I was in fear of my health condition, I had to settle with management. EEO case # 1F-940-0113-03 is filed.

    In retaliation to my previous EEO complaint, management forced me to take the schedule with split day off and with five different starting work hours vary from 0500, 0700, 1500, 1600 to 1900 this year. These irregular working hours are harmful and stressful to me mentally and physically.

    On February 2, 2005, I submitted the change of work hour request with my doctor's letter stating that the irregular work schedule are harmful to me, who is a diabetic. The management ignored my request to make changes on my working hours.

    On January 27, 2005, I was approved by Ms. Neal, my supervisor, for an annual leave of 3 days for Chinese New Year from February 9, 2005 to February 11, 2005. Mr. Chadha disapproved it and torn up my request form P3971.

Page 1

CC. JEFFREY W TAN)

Case # 1F-946-0004-05

On February 12, 2005, there was not any clerk scheduled to cover tour 3 when two clerks were on their day off.   Management kept Mr. Davis from tour 2 to work extra four hours and called Mr. William Jones from tour 1 to come in four hours early.   Management did not want to call me in for overtime nor schedule me for overtime on both of my day off.   Management scheduled Mr. William Jones for overtime on his day off but not me during the week of February 12, 2005 to February 18, 2005.

Jeffrey W. Tam
408 Yorkshire Road,
Alameda, Ca 94501

Page 2

BAY-VALLEY DISTRICT EEO OFFICE
REDRESS™ - DISPUTE RESOLUTION



**UNITED STATES**
**POSTAL SERVICE**

# SETTLEMENT AGREEMENT FORM

**USPS CASE #:**        1F-946-0113-03
**Date of Mediation:**   **Wednesday, October 22, 2003**
**Mediator Invoice #:**   **04-PAC-0870-003**

## IN THE MATTER OF MEDIATION BETWEEN

Counselee:        <u>Jeffrey Tam</u>
Management Official:   <u>Balvinder Chadha, TNA    Keith Inouye, MT/N</u>

Any alleged breach arising out of the implementation of or compliance with this settlement agreement must be reported in writing to the EEO Office within 30 days of the alleged breach.

THIS AGREEMENT    DOES/DOES    NOT NEED TO BE APPROVED BY:
_____ (e.g., union official, management official, labor relations, etc.)

## AGREEMENT

As A Complete and final settlement of the subject matter, and without prejudice to the position of the parties in this or any other case, and with the understanding that it will not be cited in other proceedings, by the counselee, the counselee's representative (if any), and/or the union, the following resolution has been entered into by the parties.   It is mutually agreed between the parties that this matter be resolved as follows:

- MANAGEMENT OFFERED AND JEFFREY AGREED TO A 4:30 AM STARTING TIME ON THURSDAYS AND FRIDAYS EFFECTIVE TOMORROW MORNING.

• JEFFREY WILL SUBMIT SUGGESTIONS FOR REVISED CLERK SCHEDULE BY FRIDAY, OCTOBER 31, 2003.

• MANAGEMENT WILL MEET WITH JEFFREY AT THE TIME OF SUBMITTAL TO DISCUSS THE PROPOSED SCHEDULE.

Initials:        _____  Counselee
              _____  Counselee's Rep.
              _____  Union Rep.

              _____  Mgt. Official
              _____  Mgt. Official
              _____  Mgt. Official Rep.

              _____  Mediator
              .  .

Page ____ of ____

Formal Complaint
Page 12 of 19

BAY-VALLEY DISTRICT EEO OFFICE 
REDRESS™ - DISPUTE RESOLUTION

 **UNITED STATES**
**POSTAL SERVICE**

## SETTLEMENT AGREEMENT FORM

| | |
|---|---|
| **USPS CASE #:** | 1F-946-0063-04 |
| **Date of Mediation:** | September 2, 2004 Thursday |
| **Mediator Invoice #:** | 04-PAC-0868-102 |

**RECEIVED**

SEP 0 2 2004

BAY-VALLEY DISTRICT
EEO DISPUTE RESOLUTION

### IN THE MATTER OF MEDIATION BETWEEN

| | |
|---|---|
| Counselee: | Jeffrey Tam |
| Management Official: | Balvinder Chadha    Lucious Paulk |

Any alleged breach arising out of the implementation of or compliance with this settlement agreement must be reported in writing to the EEO Office within 30 days of the alleged breach.

THIS AGREEMENT    DOES/DOES    NOT NEED TO BE APPROVED BY:
_____ (e.g., union official, management official, labor relations, etc.)

### AGREEMENT

As A Complete and final settlement of the subject matter, and without prejudice to the position of the parties in this or any other case, and with the understanding that it will not be cited in other proceedings, by the counselee, the counselee's representative (if any), and/or the union, the following resolution has been entered into by the parties.   It is mutually agreed between the parties that this matter be resolved as follows:

*The Agency agrees that within thirty (30) days of the signing of this agreement, it will make a pay adjustment for the Counselee in the amount of eight (8) hours of overtime pay and eight (8) hours of penalty overtime.*

| Initials: | | | | |
|---|---|---|---|---|
| *J.W.T.* | Counselee | *P.C.* | Mgt. Official | *[signature]*  Mediator |
| *B.R.* | Counselee's Rep. | *L.P.* | Mgt. Official | |
| | Union Rep. | | Mgt. Official Rep. | |

Page _1_ of _3_

| | | | | | | DPP | | | |
|---|---|---|---|---|---|---|---|---|---|
| TRANSPORTATION OPERATIONS OAKLAND CA 94615-9761 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | | |
| | *** MONTH JAN/FEB *** | | | | | | | | |
| EMPLOYEES NAME | SAT 29 | SUN 30 | MON 31 | TUE 1 | WED 2 | THU 3 | FRI 4 | | |
| | TOUR / START TIME | TOUR / START TIME | TOUR / START TIME | TOUR / START TIME | TOUR / START TIME | TOUR / START TIME | TOUR / START TIME | | |

******* MANAGER TRANSPORTATION / NETWORKS *******

***** NETWORKS ADMINSTRATOR *****

***** CENTRAL VEHICLE CONTROL OFFICERS ***   358          1130

******* DETAILED - CENTRAL VEHICLE CONTROL OFFICERS *******

A *Ms Woodard's bid starts at 1300*

******* DETAILED - VEHICLE BULK MAIL ASSISTANTS *******

| EMPLOYEES NAME | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DELLEY, BARBARA | T-2 | D/T | | SDO | T-2 | D/T | | SDO | T-2 | D/T | T-2 | D/T | T-2 | D/T |
| JONES, ROBERT | | SDO | | SDO | T-2 | 0500 | T-2 | 0500 | T-2 | 0500 | T-2 | 0500 | T-2 | 0500 |
| STATEN, WOODROW | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | | SDO | | SDO |
| WOODARD, DELORES ☆ | | SDO | | SDO | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 |
| THOMAS, CURTIS | T-1 | 2100 | | SDO | T-1 | 2100 | | SDO | T-1 | 2100 | T-1 | 2100 | T-1 | 2100 |
| JONES, WILLIAM | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | | SDO | T-1 | 2300 | | SDO |
| TAM, JEFFREY | | SDO | T-2 | 0700 | | SDO | T-2 | 0500 | T-3 | 1900 | T-3 | 1500 | T-1 | 1600 |
| DAVIS, NORMAN | T-2 | 0700 | | SDO | T-2 | 0700 | | SDO | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 |

******* DETAILED - VEHICLE BULK MAIL ASSISTANTS *******

Formal Complaint
Page *14* of *19*

******* SCHEDULES EXAMINER *******

| JONES, DEBRA | | SDO | | SDO | T-2 | 0730 | T-2 | 0730 | T-2 | 0730 | T-2 | 0730 | T-2 | 0730 |

| TRANSPORTATION OPERATIONS OAKLAND CA 94615-9761 *** MONTH DECEMBER *** | DPP 1 SAT 25 | | 2 SUN 26 | | 3 MON 27 | | 4 TUE 28 | | 5 WED 29 | | 6 THU 30 | | 7 FRI 31 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| EMPLOYEES NAME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME |

****** MANAGER TRANSPORTATION / NETWORKS ******

***** NETWORKS ADMINSTRATOR *****

***** CENTRAL VEHICLE CONTROL OFFICERS *** 358          1130

******* DETAILED - CENTRAL VEHICLE CONTROL OFFICERS *******

******* DETAILED - VEHICLE BULK MAIL ASSISTANTS *******

| Employee | SAT 25 Tour | Start | SUN 26 Tour | Start | MON 27 Tour | Start | TUE 28 Tour | Start | WED 29 Tour | Start | THU 30 Tour | Start | FRI 31 Tour | Start |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DELLEY, BARBARA | | HOL | T-2 | A/L | T-2 | A/L | T-2 | D/T | T-2 | D/T | | SDO | | SDO |
| JONES, ROBERT | SDO | SDO | SDO | | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 |
| JONES, WILLIAM | T-3 | 1500 | T-3 | 1500 | | SDO | T-3 | SDO 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 |
| THOMAS, CURTIS | | SDO | | SDO | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 |
| STATEN, WOODROW | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | | SDO | | SDO |
| WOODARD, DELORES | | SDO | | SDO | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 |
| TAM, JEFFREY | | HOL | T-2 | 0700 | T-3 | 1500 | | SDO | | SDO | T-1 | 0430 | T-1 | 0430 |
| DAVIS, NORMAN | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 | | SDO | | SDO |

******* DETAILED - VEHICLE BULK MAIL ASSISTANTS *******

Formal Complaint
Page 15 of 19

******* SCHEDULES EXAMINER *******

| ADAMS, TONI | T-2 | SDO | | SDO | T-2 | OW CP | T-2 | OW CP | T-2 | OWCP | T-2 | OW | T-2 | OW |

| WEEKLY DETAIL | PAY PERIOD 15 | | | WK 2 | | | FY 03 |
|---|---|---|---|---|---|---|---|
| | | | | DPP | | | |

TRANSPORTATION OPERATIONS
OAKLAND CA 94615-9761

*** MONTH (Inclusive)    JULY

| | | 8 | 9 | 10 | 11 | 12 | 13 | 14 |
|---|---|---|---|---|---|---|---|---|

EMPLOYEES NAME

| | | SAT | SUN | MON | TUE | WED | THU | FRI |
|---|---|---|---|---|---|---|---|---|
| | | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| | | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME | TOUR | START TIME |

****** MANAGER TRANSPORTATION / NETWORKS ******

****** NETWORKS ADMINISTRATOR ******

****** CENTRAL VEHICLE CONTROL OFFICERS ******

****** DETAILED - CENTRAL VEHICLE CONTROL OFFICERS ******

*Ms BARBRBA Delly's bid was schedule day off at Thursday and Friday*
*3/c    s/c*

****** DETAILED - VEHICLE BULK MAIL ASSISTANTS ******

| Employee | SAT | | SUN | | MON | | TUE | | WED | | THU | | FRI | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DELLEY, BARBARA | | SDO | | SDO | | | | | | | T-2 | 0700 | T-2 | 0700 |
| JONES, ROBERT | | SDO | | SDO | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 | T-2 | 0700 |
| JONES, WILLIAM | T-3 | 1500 | T-3 | 1500 | SDO | | | 0700 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 |
| THOMAS, CURTIS | | SDO | | SDO | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 | T-3 | 1500 |
| STATEN, WOODROW | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | | SDO | | SDO |
| WOODARD, DELORES | SDO | 2300 | | SDO | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 | T-1 | 2300 |
| TAM, JEFFERY | T-2 | 0700 | T-2 | 0700 | T-3 | 1500 | SDO | 1500 | | SDO | T-1 | 2300 | T-1 | 2300 |

****** DETAILED - VEHICLE BULK MAIL ASSISTANTS ******

Formal Complaint
Page 16 of 19

****** SCHEDULES EXAMINER ******

| ADAMS, TONI | | SDO | | SDO | T-2 | 0600 | T-2 | 0600 | T-2 | 0600 | T-2 | 0600 | T-2 | 0600 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

# The Permanente Medical Group, Inc.

ALAMEDA MOB
2417 CENTRAL AVENUE
ALAMEDA, CALIFORNIA 94501
(510) 752-9200

ALAMEDA          PLEASANTON
ANTIOCH          RANCHO CORDOVA
CAMPBELL         REDWOOD CITY
DAVIS            RICHMOND
FAIRFIELD        ROSEVILLE
FOLSOM           SACRAMENTO
FREMONT          SAN FRANCISCO
FRESNO           SAN JOSE
GILROY           SAN RAFAEL
HAYWARD          SANTA CLARA
MARTINEZ         SANTA ROSA
MILPITAS         S. SACRAMENTO
MOUNTAIN VIEW    S. SAN FRANCISCO
NAPA             STOCKTON
NOVATO           UNION CITY
OAKLAND          VACAVILLE
PARK SHADELANDS  VALLEJO
PETALUMA         WALNUT CREEK

Robert N. Booth, M.D.        Arlene Cosca, M.D.           Susan Minger, M.D.
Angela L. Chan, M.D.         David R. Craney, M.D.        Michael Ruiz, M.D.
Leo Cheng, M.D.              John J. Harrington Jr., M.D. Jose C. Troncoso, M.D.
Charles C. Chu, M.D.         Bill J. Longwell, M.D.       Denise Yun, M.D.
James I. Cohen, M.D.         Mark A. Marrama, M.D.        Karen A. Tinder, F.N.P.

02/02/05

RE:   Jeffrey Tam
MR#   4860870

To whom it may concern:

Mr. Tam has been under my care since September of 2002 for his diabetes and
hyperlipidemia problems. He complained that he couldn't sleep well and suffered
from headache and musculoskeletal pain because of his irregular work schedule.
Please modify his work schedule and maintain similar shift hours in view of his
health condition.

Please call me at (510) 752-9200 if you have any questions.

Sincerely,

Angela Chan, M.D.
Kaiser Permanente
Alameda



RECEIVED
FEB 1 2 2005
NETWORK'S ADMINISTRATOR
OAKLAND CA
94615-5761

KAISER PERMANENTE ®

Formal Complaint
Page 17 of 19

UNITED STATES
POSTAL SERVICE

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7004 1160 0002 4496 7247

7004 1160 0002 4496 7247

RESTRICTED
DELIVERY



Ms Judy Martinez
EEO manager
Bay Valley EEO Complaint
Processing Center
P.O. Box 23644
Oakland, CA. 94623-3644



RECEIVED

FEB 16 2005

BAYVALLEY DISTRICT
EEO DISPUTE RESOLUTION

FEB. 2 2005

KEITH INOUYE. MANAGER. TRANSPORTATION NETWORKS
BALVINDER CHADHA . NETWORK ADAMISTRATOR.

The schedule hours. that is put upon m. is very
harmful and stressful to me physically and mentally
Please change to the same starting time.


JEFFREY W. TAM
Bulk mail Assistant


See attachment


RECEIVED
FEB 2 2005
NETWORKS ADMINISTRATOR
OAKLAND CA
94613-9761

Formal Complaint
Page 19 of 19

Exhibit E



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C.  20036

Jeffrey Tam,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 0120061535[1]

Hearing No. 370-2005-00487X
Agency No. 1F-946-0004-05

DECISION

On December 29, 2005, complainant filed an appeal from the agency's December 2, 2005 final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* For the following reasons, the Commission AFFIRMS the agency's final order.

At the time of events giving rise to this complaint, complainant worked as a Bulk Mail Assistant, PS-06 at the Oakland, California Processing and Distribution Center.  On October 26, 2004, complainant contacted an EEO Counselor and filed a formal EEO complaint on December 20, 2004, alleging that he was discriminated against on the basis of race/national origin (Chinese) when:

1. Complainant's requests for a reassignment to a driving position and for a promotion were denied.

2. On February 2, 2005, complainant's request to make changes in his work schedule was denied.

---

[1] Due to a new data system, your case has been redesignated with the above referenced appeal number.



3. On January 27, 2005, complainant's request for annual leave from February 9 through February 11, 2005, was denied.

4. On February 12, 2005, management did not call complainant in for overtime.

5. On September 23, 2004, the Manager approached complainant and intimidated him by telling him he always fights against the system.

On April 8, 2005, the agency issued a partial dismissal wherein it accepted for investigation claims 1-4, although claim (1) was accepted subject to establishment of a timely date of incident. Claim (5) was dismissed pursuant to 29 C.F.R. § 1614.107(a)(1), on the grounds of failure to state a claim.

On June 8, 2005, the agency dismissed that portion of claim (1) concerning complainant being denied a promotion pursuant to 29 C.F.R. § 1614.107(a)(2), on the grounds of untimely EEO Counselor contact. The agency noted that the promotion at issue was denied during the time period of 2000 to 2003, which was approximately one year before complainant initiated contact with an EEO Counselor.

At the conclusion of the investigation, complainant was provided with a copy of the report of investigation and notice of his right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing. The AJ assigned to the case determined that the complaint did not warrant a hearing and over the complainant's objections, issued a decision without a hearing on October 3, 2005. With regard to denying complainant a reassignment to a driving position, the AJ noted that the agency explained that there was no vacant driver position available. The AJ found that complainant failed to demonstrate that this explanation is pretextual. As for the agency's refusal to change complainant's work schedule, the AJ observed that the agency stated that complainant was the most junior person in Traffic Control in 2005, and therefore he received the last vacant bid, which was the relief bid. The AJ further observed that the agency stated that complainant's request was denied because he was needed to cover the shifts set in his current schedule and management could not afford to incur any overtime on the days he wanted to have off. The AJ found that complainant failed to present any evidence that management's concern about incurring overtime was unreasonable or a pretext to mask discrimination.

As for the denial of complainant's request for annual leave, the AJ noted that the agency explained that complainant did not give management sufficient advance notice, and the other traffic control clerk had already requested annual leave for the same period. The AJ observed that the agency stated that management cannot bring in other employees from outside of complainant's craft to cover the shifts because the Union filed grievances in the past for allowing employees outside of the craft to work in traffic control under such circumstances. The agency stated that complainant's request for annual leave was denied because he was needed to cover for the other traffic control clerk. The AJ found that complainant presented

no contrary evidence. With regard to the agency not calling complainant in to work overtime, the AJ observed that the agency stated because of the collective bargaining agreement, calling in a Tour 1 clerk (who had a different status than complainant) instead of complainant cost the agency only four hours of overtime, whereas calling complainant in would have cost the agency eight hours of overtime. The AJ found that complainant failed to present any evidence demonstrating that this explanation was pretext for discrimination.

The agency subsequently issued a final action adopting the AJ's decision.

On appeal, complainant contends that three individuals were reassigned to the tractor trailer operator position from either a bulk mail assistant position or a dispatch clerk position. As for his request for a change in his schedule, complainant argues that the work hours of his current schedule hurt him physically and mentally. Complainant states that he is exhausted due to the different shifts that he works. With regard to the denial of his leave request, complainant states that his tour supervisor approved the request, but that the Manager disapproved it. Complainant maintains that there were clerks working during the period that he would have been off from work. According to complainant, a female employee was approved for a day off each week for three weeks when there was no clerk working at all. With respect to not being called in to work overtime, complainant states that he was told by an agency official that he could not authorize any more overtime for him because the manager had threatened him if he called complainant in for overtime. Complainant argues that a record of the agency's actions contains inconsistencies and discrepancies that render the agency's proffered explanation unworthy of credence. Complainant maintains that material facts are in genuine dispute and that there are issues of credibility.

We must first determine whether it was appropriate for the AJ to have issued a decision without a hearing on this record. The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case.

In the absence of direct evidence of discrimination, the allocation of burdens and order of presentation of proof in a Title VII case claiming discrimination is a three-step process as set

4                                          0120061535

forth in *McDonnell Douglas Corporation. v. Green*, 411 U.S. 792, 802-803 (1973), and its progeny.

For complainant to prevail, he must first establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is pretextual. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

This order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a *prima facie* case, need not be followed in all cases. Where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the *McDonnell Douglas* analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. *United State's Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-714 (1983); *Hernandez v. Department of Transportation*, EEOC Request No. 05900150 (June 28, 1990).

The Commission agrees that claim (5) was properly dismissed on the grounds of failure to state a claim. The Commission also finds that the agency properly dismissed the portion of claim (1) concerning not receiving a promotion on the grounds of untimely contact of an EEO Counselor.

With regard to the accepted portion of claim (1), the agency stated that it denied complainant's request for reassignment to a driving position because there was no vacant driving position available. We find that the agency articulated a legitimate, nondiscriminatory reason for its decision not to reassign complainant to a driving position. Complainant claims that there were three individuals who were transferred to a tractor trailer operator position from the bulk mail assistant and dispatch clerk positions. However, complainant has not shown that there was a vacant driving position available at the time he requested a reassignment. Therefore, we find that complainant has not established that the agency's explanation is pretext intended to mask discriminatory intent.

As for claim (2), the agency stated that it denied complainant's request for a change in his work schedule because complainant was needed to cover the shifts set in his current schedule and management could not afford to incur any overtime on the days he wanted to have off. The agency further stated that complainant was the most junior person in Traffic Control and therefore he received the last vacant bid, which was the relief bid. We find that the agency articulated a legitimate, nondiscriminatory reason for its decision not to change complainant's

5                                    0120061535

work schedule. Complainant argues that his work schedule is unreasonable because his start times are different each day and he has split days off. In support of his position that his health has been adversely affected by his work schedule, complainant submitted a note from his physician requesting a Tour 1, Tour 2, or Tour 3 schedule. However, complainant has not shown that management's concern about incurring overtime was a pretext to hide discriminatory intent. Therefore, we find that complainant was not discriminated against when the agency denied him a schedule change.

With respect to the denial of complainant's request for annual leave, the agency stated that complainant was needed to cover for the other traffic control clerk. According to the agency, complainant did not give management sufficient advance notice and the other traffic control clerk requested annual leave for the same period. We find that the agency articulated a legitimate, nondiscriminatory reason for its denial of complainant's request for annual leave. Complainant stated that his request for annual leave was initially approved and that another employee was approved for a day off for three consecutive weeks when there was no clerk working. However, complainant has not refuted the Manager's assertion that the leave request was not made in a timely fashion. As for the employee who had a day off for three consecutive weeks, it appears that it did not involve annual leave, but rather sick leave, as we note complainant compared that situation with the disapproval of his request for one day off for a health-related matter. That latter denial of leave is not at issue in this complaint. Based on the record, we find that complainant has not established that the agency's reason for denial of his leave request was pretext intended to mask discriminatory intent.

With regard to complainant not being called in to work overtime, the agency stated that calling in a Tour 1 clerk to work overtime cost it four hours of overtime, whereas, calling in complainant would have cost the agency eight hours of overtime. We find that this constitutes a legitimate, nondiscriminatory reason for not calling complainant in for overtime. Complainant stated that since February 12, 2005 was his day off, he should have been called in to work overtime instead of the other employee. Complainant, however, has not refuted the agency's position that it saved four hours of overtime costs by calling in the other employee. Moreover, even if complainant is correctly reporting that an agency official was told by the Manager not to call him in for overtime, that by itself does not establish that discriminatory intent based on complainant's race/national origin was the reason he was not called in to work overtime. We find that complainant has not established that the agency's reason for denying him overtime was pretext intended to mask discriminatory intent.

The agency's decision is AFFIRMED.

6                                    0120061535

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

7                                    0120061535

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations

__MAR 0 9 2007____
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Jeffrey Tam
408 Yorkshire Boulevard
Alameda, CA 94501-6041

James Wright
P.O. Box 294020
Sacramento, CA 95829

NEEOISO - Appeals
US Postal Service
P.O. Box 21979
Tampa, FL 33622-1979

MAR 0 9 2007
Date

Equal Opportunity Assistant

Exhibit F

 

**UNITED STATES**
**POSTAL SERVICE®**

**NOTICE OF RESTRICTED USAGE**

## EEO Investigation Report

Access to, and usage of, this EEO complaint file is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complaint (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The file and its contents must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)(1)).

| Processing Office<br>National EEO Investigative Services Office | Case No.<br>1F-946-0069-05 | Date Filed<br>10/4/05 |
|---|---|---|
| Complainant Name<br>Jeffrey Tam | Position Title<br>Motor Vehicle Operator | |

| Address of Complainant<br>408 Yorkshire Rd.<br>Alameda, CA 94501-6041 | Name of Complainant's Supervisor<br>Gloria Benavides | |
|---|---|---|

| | Telephone No.<br>510-874-8243 | Email Address<br>Gloria.Benavides@usps.gov |
|---|---|---|

| Telephone No.<br>510-522-5534 | Email Address | Preference Eligible (yes *or* no)<br>No | Mixed Case (yes *or* no)<br>No |
|---|---|---|---|

| Complainant's Postal Facility<br>Oakland P&DC | Responding Postal Facility<br>Oakland P&DC |
|---|---|

| Responding Postal Manager's Name<br>Gloria Benavides<br>Billy Conner<br>Balvinder Chadha<br>Keith Inouye | Responding Postal Manager's Address<br>1675 7th Street<br>Oakland, CA 94615-9422 |
|---|---|

| Telephone No.<br>510-874-8243 | Email Address<br>Gloria.Benavides@usps.gov<br>Billy.R.Conner@usps.gov<br>Balvinder.Chadha@usps.gov<br>Keith.M.Inouye@usps.gov |
|---|---|

### Type of Complaint

| Race | Color | Religion | Sex | National Origin | Age (Date of Birth) |
|---|---|---|---|---|---|
| Chinese-American | N/A | N/A | N/A | N/A | N/A |

| Physical Disability<br>N/A | Mental Disability<br>N/A |
|---|---|

Retaliation Based on Previous Activity *(Cited Dates and Case Nos.)*

1. Date:   N/A        Case No.:        2. Date:   N/A        Case No.:

Claim(s):

Complainant alleges discrimination based on his race (Chinese-American) when (1) On June 26, 2005, his 1 ½ hours of overtime was disallowed and (2) On September 15, 2005, he was reassigned to MVO (Motor Vehicle Operations) as a part-time flexible (PTF).

Complainant requests that he be returned to his former position as a Motor Vehicle Operator, full-time time regular and regain his seniority reflecting the date of May 28, 2002 with level 7 pay. He also requests out-of-schedule pay and compensatory damages that he lost to get better consistent working hours.

| Complainant's Representative Name<br>Bernard Roberson | Title<br>Representative |
|---|---|

| Address of Representative<br>7700 Edgewater Drive, #656<br>Oakland, CA 94621-3095 | | |
|---|---|---|

| Investigator's Name *(Print or Type)*<br>Jane E. Lindemann | Office Telephone No.<br>314-972-0706 | Email Address<br>JELInvestigations@charter.net |
|---|---|---|

| Postal Address of Investigator<br>949 Charbonier Rd.<br>St. Louis, MO 63031-5219 | Postal Address of Area Manager of EEO Compliance and Appeals<br>P.O. Box 130059<br>Daly City, CA 94013-0059 | |
|---|---|---|

| Investigator's Signature | Date Report Completed | Investigator No<br>7258 |
|---|---|---|

PS Form **2430**, March 2001