JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    jennifer.s.wang@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY W. TAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN E. POTTER, Postmaster General, ) <br> ) <br> Defendant. ) <br> ) | No. 07-2747 SI <br><br> **PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date: June 27, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom 10, 19th Fl. |

    This action having come regularly on for hearing before the Court on the motion of defendant for summary judgment pursuant to F.R.C.P. 56, and the respective parties having been afforded an opportunity to be heard, the Court having considered the respective pleadings and the arguments thereon, and the entire matter having been duly submitted after the Court was fully advised thereon,

    IT IS HEREBY ORDERED that the defendant's motion to for summary judgment is GRANTED based on the following reasons:

(1) Plaintiff failed to timely file his Equal Employment Opportunity ("EEO") complaint related to his failure to promote claim;

(2) Plaintiff failed to exhaust administrative remedies for his age discrimination and hostile work environment/harassment claim;

(3) Plaintiff failed to establish a claim of discrimination based on failure to promote because he failed to show that defendant's reasons for not promoting plaintiff were pretextual;

(4) Plaintiff failed to establish a prima facie case of discrimination based on his failure to receive reassignment to a driving position in 2002, defendant's denial of his 2005 request to change his work schedule, defendant's denial of his request for annual leave in February 2005, defendant's failure to call him to work overtime on February 12, 2005, and defendant's alleged attempt to intimidate him because he has not established that these acts constitute adverse employment actions and identified no similarly situated employee outside of plaintiff's protected classes who was treated more favorably than he was. Moreover, plaintiff failed to show that defendant's reasons for his actions were pretextual.

(4) Plaintiff failed to establish a claim of retaliation based on defendant's restructuring of the 2005 bulk mail assistant schedule because plaintiff failed to show that defendant's reasons were pretextual.

(5) Plaintiff failed to establish a claim of hostile work environment because, as a matter of law, the conduct plaintiff complains of is not sufficiently severe as to alter the conditions of employment. Moreover, plaintiff failed to establish that any of the harassing conduct he alleges was directed at him because of his race or national origin.

(6) Plaintiff cannot bring a private cause of action for violation of the collective bargaining agreement between the American Postal Worker's Union, AFL-CIO and the United States Postal Service because the agreement contains a binding procedure for resolving grievances.

[PROPOSED] ORDER GRANTING DEF.'S MSJ
C07-02747 SI                                   2

1       (7) Plaintiff cannot obtain punitive damages from the United States Postal Service under Title VII.

DATED: _____          _____
                                               SUSAN ILLSTON
                                               United States District Court Judge

[PROPOSED] ORDER GRANTING DEF.'S MSJ
C07-02747 SI                               3