# EXHIBIT A

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JENNIFER S WANG (CSBN 233155)
   Assistant United States Attorney
4
     450 Golden Gate Avenue, Box 36055
5    San Francisco, California 94102-3495
     Telephone: (415) 436-6967
6    Facsimile:  (415) 436-6748
     Email: jennifer.s.wang@usdoj.gov
7
   Attorneys for Federal Defendants
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12 JEFFREY W. TAM,                )    No. 07-2747 SI
                                  )
13     Plaintiff,                 )
                                  )
14     v.                         )    **DEFENDANT'S OBJECTIONS AND**
                                  )    **RESPONSES TO PLAINTIFF'S FIRST**
15                                )    **SET OF SPECIAL**
   JOHN E. POTTER,                )    **INTERROGATORIES**
16                                )
       Defendant.                 )
17                                )
   _____ )
18

19 PROPOUNDING PARTY:   PLAINTIFF JEFFREY W. TAM

20 RESPONDING PARTY:    DEFENDANT

21 SET NO.:             ONE

22       Pursuant to Federal Rule of Civil Procedure 33, defendant John E. Potter hereby provides

23 the following objections and responses to plaintiff's first set of interrogatories (the "Request").

24                         **PRELIMINARY STATEMENT**

25       1. Defendant has not completed its investigation of the facts relating to this case, has not

26 completed its discovery in this action, and has not completed its preparation for trial.  The

27 following responses are based on reasonable inquiry and information known at this time, and are

28 given without prejudice to defendant introducing at trial or at any hearing, subsequently

   discovered evidence and facts as additional evidence and facts are obtained, analyses are made

1   and legal research is completed.

2   　2. Each of the objections and responses to this Request is based on defendant's

3   understanding of each interrogatory therein.  To the extent that plaintiff asserts an interpretation

4   of any interrogatory that is inconsistent with defendant's understanding, defendant reserves the

5   right to supplement or amend its objections and responses.

6   　3. Defendant's responses are made without in any way intending to waive or waiving, but on

7   the contrary, intended to preserve and preserving:

8   　　(a) The right to raise all questions of authenticity, foundation, relevancy, materiality,

9   privilege and admissibility as evidence for any purpose of any information identified in response

10  to the Request that may arise in any subsequent proceeding in, or the trial of, this or any other

11  action.

12  　　(b) The right to object to the use of these responses in any subsequent proceeding in, or

13  the trial of, this or any other action on any grounds;

14  　　(c) The right to object to the introduction into evidence of these responses; and

15  　　(d) The right to object on any ground at any time to the other discovery involving the

16  subject matter thereof.

17  　4. By making these responses, defendant does not concede that the information sought is

18  relevant.

19  　　　　　　　　　　　　　GENERAL OBJECTIONS

20  　Defendant asserts the following objections to each interrogatory contained in plaintiff's first

21  set of interrogatories.

22  　A. Defendant objects to each interrogatory to the extent it seeks information that is not

23  relevant to the claim or defense of any party, or that otherwise exceed the bounds of discovery set

24  forth in Federal Rule of Civil Procedure 26.

25  　B. Defendant objects to each interrogatory to the extent it is vague, ambiguous, compound,

26  and/or unintelligible.

27  　C. Defendant objects to each interrogatory to the extent it contains non-discrete subparts in

28  violation of Federal Rule of Civil Procedure 33.

1    D. Defendant objects to each interrogatory to the extent it is repetitive, overly broad, unduly

2    burdensome, harassing, and/or made for any improper purpose.

3    E. Defendant objects to each interrogatory to the extent it seeks information that is

4    confidential and/or private.

5    F. Defendant objects to each interrogatory to the extent it seeks information that is protected

6    from disclosure by any applicable statute, regulation or law, or the Constitution.

7    G. Defendant objects to each interrogatory to the extent it seeks information not in

8    defendant's possession, custody, or control.

9    H. Defendant objects to each interrogatory to the extent it seeks information in plaintiff's

10   possession, custody, or control, information already provided to plaintiff, and/or information

11   equally available to plaintiff from third parties.

12   I. Defendant objects to each interrogatory to the extent it seeks information protected by any

13   applicable privilege, including the attorney-client privilege and the work product doctrine.

14   J. Defendant objects to each interrogatory to the extent it lacks foundation/assumes facts not

15   in evidence.

16   K. Defendant objects to each interrogatory to the extent it calls for a legal conclusion.

17   L. By making these responses or agreeing to provide any information, defendant does not

18   concede the information is discoverable or the interrogatory is proper.

19   M. Defendant reserves the right to amend or supplement his responses.

20   N. Defendant incorporates all of the above objections into each response below. By raising

21   any similar or different objections below, defendant does not waive any of his general objections.

22                          **RESPONSES TO INTERROGATORIES**

23   INTERROGATORY NO. 1:

24   a.   identify the applicants' qualifications, who have been promoted as supervisors.

25   b.   identify the applicants, who had passed and had not passed the promotion board.

26   RESPONSE TO INTERROGATORY NO. 1:

27         Defendant incorporates all general objections. Additionally, defendant further objects

28   that this interrogatory seeks information that is irrelevant to the claims and defenses in this

1  action, and is therefore beyond the scope of discovery as established by Rule 26. Defendant

2  objects to this request as compound and contains non-discrete subparts in violation of Rule 33.

3  Defendant also objects to this interrogatory as vague and ambiguous, especially as to the phrases

4  "the applicants' . . . who have been promoted as supervisors," and "the applicants, who had

5  passed and had not passed the promotion board." Defendant objects to this request as vague as to

6  time. Defendant further objects to the request as overboard as to time and subject matter and

7  unduly burdensome. Defendant objects to the request on the ground that it assumes facts not in

8  evidence and lacks foundation. Defendant objects to this request on the ground that it seeks

9  information not within defendant's possession, custody or control. Defendant objects to the

10 extent this request calls for confidential information protected by the Privacy Act. Defendant

11 objects to the extent this request calls for information protected by the attorney client privilege

12 and/or work product protection.

13      Subject to and without waiving the foregoing objections and based on defendant's

14 understanding of this request, defendant responds as follows:

15      Defendant understands plaintiff's request to refer to applications received for promotions

16 to supervisor of transportation positions posted on November 10, 1999; January 31, 2000; March

17 6, 2001; January 15, 2002; and September 10, 2003. Pursuant to defendant's retention period for

18 promotion packages, defendant no longer possesses application materials related to the

19 November 1999; January 2000; March 2001; or January 2002 postings for promotions to

20 supervisor of transportation. Defendant has produced information related to the September 10,

21 2003 posting for promotion to supervisor of transportation, and refers plaintiff to documents

22 bates stamped USPS0605 to USPS0683.

23 INTERROGATORY NO. 2:

24 a.   state the procedures of the bulk mail assistant returning to the driving position.

25 b.   explain why the management would allow Mr. Norman Davis, Mr. Danny Clark and Ms.

26 Debbie Nail returned to Full-time driving position, but not allowing the plaintiff.

27 c.   explain why the management stopped the plaintiff to go back to drive after he had the driver

28 training in year 2002.

DEF.'S OBJ. & RESP. TO PL.'S 1st SET OF ROGS
No. 07-2747 SI                              4

1   d.  explain why the management requested the plaintiff to submit the job reassignment through

2   the eReassign at usps.com to obtain the driving position; which procedure did not apply to the

3   plaintiff.

4   e.  explain why the management required the plaintiff to take the job examination, which only

5   applied to the new applicants.

6   RESPONSE INTERROGATORY NO. 2:

7           Defendant incorporates all general objections.  Additionally, defendant further objects

8   that this interrogatory seeks information that is irrelevant to the claims and defenses in this

9   action, and is therefore beyond the scope of discovery as established by Rule 26.  Defendant

10  objects to this request as compound and contains non-discrete subparts in violation of Rule 33.

11  Defendant also objects to this interrogatory as vague and ambiguous, especially as to the phrases

12  "the procedures," "the management," "allow," "Full-time driving position," "stopped the plaintiff

13  . . . to go back to drive," "driving training, "the driving position," and "job examination."

14  Defendant objects to this request as vague as to time.  Defendant further objects to the request as

15  overboard as to time and subject matter and unduly burdensome.  Defendant objects to the

16  request on the ground that it assumes facts not in evidence and lacks foundation.  Defendant

17  objects to this request on the ground that it seeks information not within defendant's possession,

18  custody or control.  Defendant objects to the extent this request calls for confidential information

19  protected by the Privacy Act.  Defendant objects to the extent this request calls for information

20  protected by the attorney client privilege and/or work product protection.

21          Subject to and without waiving the foregoing objections and based on defendant's

22  understanding of this request, defendant responds as follows:

23  a and d.  Pursuant to the Employee Labor and Relations Manual ("ELM") and Handbook EL-

24  312, a Postal Service employee must apply for reassignment through the Postal Service's

25  eResassign website.  When the request is approved, the employee becomes a part-time flexible

26  ("PTF") Motor Vehicle Operator.  Article 39.2.A.11 of the Collective Bargaining Agreement and

27  the Memorandum of Understanding contained in the Collective Bargaining Agreement apply to

28  promotions from Motor Vehicle Operator to Tractor Trailer Operator.  Vacant Tractor Trailer

1    Operator positions are filled by senior Motor Vehicle Operators bidding for the vacancy.

2    b and c, To allow plaintiff to return to a full-time driving position, there would have had to be a

3    vacant driving position. Also, the regulations contained in the ELM, Handbook on EL-312, and

4    the Collective Bargaining Agreement and Memorandum of Understanding contained in the

5    Collective Bargaining Agreement would have to be followed. Defendant's discovery is

6    continuing, and defendant will supplement its responses as necessary.

7     e. Regulations and provisions referenced above require all applicants for any position that has

8    an examination requirement to take and successfully pass the examination for that position.

9    Defendant's discovery is continuing, and defendant will supplement its responses as necessary.

10   INTERROGATORY NO. 3:

11   a.   explain why the management set up the plaintiff's work schedules that did not comply to the

12   Collective Bargaining Agreement and U.S. Postal Services.

13   b.   explain why the management set up the year 2003 work schedule that hurt the plaintiff

14   physically and mentally.

15   c.   Explain why the management set up the year 2005 harsh work schedule even the plaintiff had

16   filed the EEO Complaint for the year 2003 work schedule.

17   RESPONSE TO INTERROGATORY NO. 3:

18            Defendant incorporates all general objections.  Additionally, defendant further objects

19   that this interrogatory seeks information that is irrelevant to the claims and defenses in this

20   action, and is therefore beyond the scope of discovery as established by Rule 26.  Defendant

21   objects to this request as unintelligible.  Defendant objects to this request as compound and

22   contains non-discrete subparts in violation of Rule 33.  Defendant also objects to this

23   interrogatory as vague and ambiguous, especially as to the phrases "the management,"

24   "plaintiff's work schedules," "did not comply to," "set up," "hurt the plaintiff physically and

25   mentally," and "harsh work schedule."  Defendant further objects to the request as overboard as

26   to time and subject matter and unduly burdensome.  Defendant objects to the request on the

27   ground that it assumes facts not in evidence and lacks foundation.  Defendant objects to the

28   request to the extent it calls for a legal conclusion.  Defendant objects to this request on the

1  ground that it seeks information not within defendant's possession, custody or control.

2  Defendant objects to the extent this request calls for information protected by the attorney client

3  privilege and/or work product protection.

4        Subject to and without waiving the foregoing objections and based on defendant's

5  understanding of this request, defendant responds as follows:

6  a. Defendant complied with all provisions of the Collective Bargaining Agreement when it

7  established plaintiff's work schedules.  Defendant did not violate any provisions of the Collective

8  Bargaining Agreement in establishing plaintiff's work schedules.

9  b. Defendant did not "set up" the 2003 work schedule to "hurt the plaintiff physically and

10  mentally."  Defendant established the 2003 work schedule to meet operational needs and in

11  compliance with the provisions of the Collective Bargaining Agreement.

12  c. Defendant did not "set up" a "harsh work schedule" for plaintiff in 2005.  Defendant

13  established the 2005 work schedule to meet operational needs and in compliance with the

14  provisions of the Collective Bargaining Agreement.

15  INTERROGATORY NO. 4:

16        Explain why the management looked for the plaintiff when I was in the bathroom; but

17  other workers were not asked to work even though they were an hour late.

18  RESPONSE TO INTERROGATORY NO. 4:

19        Defendant incorporates all general objections.  Additionally, defendant further objects

20  that this interrogatory seeks information that is irrelevant to the claims and defenses in this

21  action, and is therefore beyond the scope of discovery as established by Rule 26.  Defendant

22  objects to this request as unintelligible.  Defendant also objects to this interrogatory as vague and

23  ambiguous, especially as to the phrases "the management," "looked for plaintiff when I was in

24  the bathroom," "other workers" and "not asked to work event though they were an hour late."

25  Defendant further objects to the request as overboard as to time and subject matter and unduly

26  burdensome.  Defendant objects to the request on the ground that it assumes facts not in evidence

27  and lacks foundation.  Defendant objects to this request on the ground that it seeks information

28  not within defendant's possession, custody or control.  Defendant objects to the extent this

1  request calls for information protected by the attorney client privilege and/or work product

2  protection.

3     Subject to and without waiving the foregoing objections and based on defendant's

4  understanding of this request, defendant responds as follows: Defendant does not understand this

5  request and cannot respond.  Plaintiff has not provided sufficient information, e.g., management

6  personnel referenced, "other workers" referenced, date and time of alleged incident(s), for

7  defendant to understand or respond to this request.

8  INTERROGATORY  NO. 5:

9  a.  explain why the management deleted the overtime record.

10  b.  explain why the supervisor called the plaintiff to work four hours overtime, but the

11  management harassed the supervisor if allowing the plaintiff to contine [sic] working overtime;

12  the supervisor would receive the warning letter.

13  RESPONSE TO INTERROGATORY NO. 5:

14     Defendant incorporates all general objections.  Additionally, defendant further objects

15  that this interrogatory seeks information that is irrelevant to the claims and defenses in this

16  action, and is therefore beyond the scope of discovery as established by Rule 26.  Defendant

17  objects to this request as unintelligible.  Defendant objects to this request as compound and

18  contains non-discrete subparts in violation of Rule 33.  Defendant also objects to this

19  interrogatory as vague and ambiguous, especially as to the phrases "the management," "the

20  overtime record," "the supervisor," "to work four hours overtime," "the management harassed

21  the supervisor if allowing the plaintiff to [continue] working overtime," and "the warning letter."

22  Defendant objects to this request as vague as to time.  Defendant further objects to the request as

23  overboard as to time and subject matter and unduly burdensome.  Defendant objects to the

24  request on the ground that it assumes facts not in evidence and lacks foundation.  Defendant

25  objects to this request on the ground that it calls for speculation and seeks information not within

26  defendant's possession, custody or control.

27     Subject to and without waiving the foregoing objections and based on defendant's

28  understanding of this request, defendant responds as follows: Defendant does not understand this

DEF.'S OBJ. & RESP. TO PL.'S 1st SET OF ROGS
No. 07-2747 SI       8

1  request and cannot respond.  Plaintiff has not provided sufficient information, e.g., the "record"

2  referenced, date and time referenced, and name of supervisor and management personnel

3  referenced, for defendant to understand or respond to this request.

4  DATED: January 14, 2008                    Respectfully submitted,
                                              JOSEPH P. RUSSONIELLO
5                                             United States Attorney

6

7                                             JENNIFER S WANG
                                              Assistant United States Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF.'S OBJ. & RESP. TO PL.'S 1st SET OF ROGS
No. 07-2747 SI                        9

1

**CERTIFICATE OF SERVICE**

2       The undersigned hereby certifies that she is an employee of the Office of the United

3  States Attorney for the Northern District of California and is a person of such age and discretion

4  to be competent to serve papers.  The undersigned further certifies that she is causing a copy of

5  the following:

6                **DEFENDANT'S OBJECTIONS AND RESPONSES TO**
             **PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES**

7

8                    Jeffrey W. Tam v. John E. Potter
                     Case No. CV 07-2747 JCS

9  to be served this date upon the party in this action by placing a true copy thereof in a sealed

10  envelope, and served as follows:

11

   **X**    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in
12        the designated area for outgoing U.S. mail in accordance with this office's practice.

13   ____    **CERTIFIED MAIL** (# ) by placing such envelope(s) with postage thereon fully prepaid
        in the designated area for outgoing U.S. mail in accordance with this office's practice.

14

15   ____   **ELECTRONIC MAIL**

16   ____   **FEDERAL EXPRESS**

17   ____   **FACSIMILE (FAX)**  Telephone No.:  See Below

18  to the party(ies) addressed as follows:

  Jeffrey W Tam
19  408 Yorkshire Road
  Alameda, CA 94501
20  (510) 522-5534
  PRO SE

21

22       I declare under penalty of perjury under the laws of the United States that the foregoing is

  true and correct.
23

24       Executed on January 14, 2008 at San Francisco, California.

25

26                            BONNY WONG
                            Legal Assistant
27

28