JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6967
   Facsimile: (415) 436-6748
   jennifer.s.wang@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY W. TAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN E. POTTER, Postmaster General, ) <br> ) <br> Defendant. ) <br> ) | No. 07-2747 SI <br><br> **SECOND SUPPLEMENTAL DECLARATION OF JENNIFER S WANG IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

I, Jennifer S Wang, declare as follows:

    1.  I am over 18 years of age, am a resident of the State of California, am an Assistant United States Attorney and make this declaration in support of defendant's motion for summary judgment. The statements contained in this declaration are within my personal knowledge.

    2.  On or about October 2, 2007, plaintiff served on defendant his first set of requests for production of documents. A true and correct copy of that request is attached as Exhibit A.

    3.  On November 5, 2007, I served defendant's objections and responses to plaintiff's first set of requests for documents. A true and correct copy of that document is attached as Exhibit B. In defendant's responses, I indicated that defendant needed more information

regarding the promotions referenced in plaintiff's Requests 2 and 3 in order to search for the documents requested. Request 2 asked for "The name of the Promotion Board members and results, 'Who passed the promotion board for year 2001 and 2002.'" Request 3 asked for "The Form 991 of the promoted supervisor from year 2000 to 2003." On or about November 15, 2008, plaintiff informed me that by those requests, he sought information related to the Supervisor of Transportation vacancy announcements posted on January 31, 2000, March 6, 2001, January 15, 2002, and September 10, 2003. On or about November 20, 2008, plaintiff informed me that he also sought information concerning a Supervisor of Transportation vacancy posted on November 11, 1999.

4. I provided a copy of plaintiff's document requests, as well as the information he provided regarding the specific Supervisor of Transportation vacancies at issue, to Corrine Lee, an attorney with the Law Department at the United States Postal Service ("USPS") and Ed Solis, a paralegal with the Law Department at the USPS. I also asked Keith Inouye, Manager of Transportation & Networks at the United States Postal Service's ("USPS") Processing & Distribution Center ("P&DC") in Oakland, California and the selecting official for the vacancies referenced by plaintiff, for all documents related to selection process for those vacancies. Mr. Inouye represented to me that he had no relevant documents.

5. On December 17, 2007, I produced to plaintiff the PS Form 991 submitted in response to the September 2003 Supervisor of Transportation vacancy announcement. On December 21, 2007, I served amended objections and responses to plaintiff's first set of document requests, responding that defendant had produced material related to the September 2003 Supervisor of Transportation vacancy announcement, and could locate no other responsive documents. A true and correct copy of that document is attached as Exhibit C.

6. Around January 2008, I was informed that the USPS has a five year document retention policy for "promotion packages," which includes applications submitted in response to job vacancy.

7. On or about January 28, 2008, plaintiff served a fifth set of requests for production of documents. A true and correct copy of those requests is attached as Exhibit D. Request 20 asked for a "list of applicant's name for the supervisor promotion provided by the Postal Service Personnel Department for year 1999, 2000, 2001, 2002 & 2003." Request 21 asked for a "list of applicant's name who are selected by the board for the supervisor promotion for year 1999, 2000, 2001, 2002 & 2003."

8. On February 1, 2008, I contacted Jane Davis, a Labor Relations Specialist with the USPS, regarding plaintiff's requests. Ms. Davis confirmed that the USPS has a five year document retention policy for promotion packages. Ms. Davis represented to me that she had been unable to locate any documents related to plaintiff's requests, other than the PS Form 991s submitted in response to the 2003 Supervisor of Transportation vacancy announcement. Those documents had been produced to plaintiff in December 2007.

9. On February 29, 2008, I served defendant's objections and responses to plaintiff's fifth set of document requests. A true and correct copy of that document is attached as Exhibit E. In defendant's objections and responses, I informed plaintiff that because of the USPS's retention period for promotion packages, defendant no longer possesses application materials related to the 1999, 2000, 2001, and 2002 vacancies for which plaintiff requested documents. In addition, I informed plaintiff that defendant had previously produced the promotion package material related to the 2003 vacancy, and that it had located no other documents responsive to plaintiff's request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 20, 2008 at San Francisco, California.

/s/
Jennifer S Wang