Exhibit A

1  To: SCOTT N. SCHOOLS (South Carolina Bar No. 9990)
2      United States Attorney
3      JENNIFER S WANG (California Bar No. 233155)
4      Chief, Civil Division
5      Assistant United States Attorney
6
7      450 Golden Gate Avenue, Box 36055
8      San Francisco, California 94102-3495
9      Telephone: (415) 436-6967
10     Facsimile:  (415) 436-6748
11     Email:  jennifer.s.wang@usdoj.gov
12
13
14  Jeffrey W. Tam, Plaintiff          **CASE NO. C07-02747 SI**
15  vs.                                Request for document production
16  John E Potter, Defendant (s)
17  Postmaster General
18  United States Postal Services
19
20  Plaintiff resides at:
21  Address 408 Yorkshire Road
22  City, State & Zip Code:  Alameda, Ca 94501
23  Phone (510) 522-5534
24
25  Defendant is located at:
26  Address:
27  City, State & Zip Code:  Washington, D.C. 20036
28
29  1  The driver run signed up sheet for year 2002, 2003 and 2005.
30  2  The name of the Promotion Board members and the results, "Who passed the promotion
31     board for year 2001 and 2002."
32  3  The Form 991 of the promoted supervisor from year 2000 to 2003
33  4  The clock ring of Jeffrey Tam from 02/26/05 to 08/25/05
34  5  Bull Mail Assistant tour signed up sheet for year 2005.
35  6  Accident and medical report for Jeffrey Tam from 12/26/06
36  7  No Call In Policy for Overtime.  "What did Mr. Chadha refer to when he said "No Call In
37     Policy for Overtime:?
38  8  The Year 2007 original annual leave signed up sheet, "I want to examine this sheet
39     with the management."
40
41

1  **CASE NO. C07-02747 SI**

2  Request for document production

3                          CERTIFICATE OF SERVICE

4       The undersigned herby certifies that he is an employee of the United States Postal

5  Services.  The undersigned certifies that this complaint is served by First Class Mail

6

7  To:  SCOTT N. SCHOOLS (South Carolina Bar No. 9990)

8        United States Attorney

9        JOANN M. SWANSON (California Bar No. 88143)

10       Chief, Civil Division

11       Assistant United States Attorney

12

13       450 Golden Gate Avenue, Box 36055

14       San Francisco, California 94102-3495

15       Telephone: (415) 436-6967

16       Facsimile:  (415) 436-6748

17       Email:  jennifer.s.wang@usdoj.gov

18

19       I declare under penalty of prejury under the laws of the United States that the foregoing

20  is true and correct.

21       Executed on October 2, 2007 at Alameda, California

22

23       _____

24       Jeffrey W. Tam

25       Defendant

26       408 Yorkshire Road

27       Alameda, Ca 94501

28

29

30

31

32

33

34

35

36

37

38

39

40

41

# Exhibit B

1   SCOTT N. SCHOOLS (SCBN 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   JENNIFER S WANG (CSBN 233155)
    Assistant United States Attorney

4

5     450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
6     Facsimile:  (415) 436-6748

7   Attorneys for Federal Defendant

8

9                     UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12   JEFFREY W. TAM,               )   No. 07-2747 SI
                            )
13       Plaintiff,             )   **DEFENDANT'S OBJECTIONS AND**
                            )   **RESPONSES TO PLAINTIFF'S FIRST**
14     v.                     )   **SET OF REQUESTS FOR**
                            )   **PRODUCTION OF DOCUMENTS**
15   JOHN E. POTTER,             )
                            )
16       Defendant.           ) 
                            )
17 _____ )

18   PROPOUNDING PARTY:   PLAINTIFF JEFFREY W. TAM

19   RESPONDING PARTY:     DEFENDANT

20   SET NO.:               ONE

21         Pursuant to Federal Rule of Civil Procedure 34, defendant John E. Potter hereby objects

22   and responds to plaintiff's first request for production of documents ("the Request").

23                         **PRELIMINARY STATEMENT**

24       1. Defendant has made a diligent search and reasonable inquiry in an effort to respond to the

25   Request. However, discovery is continuing and defendant's investigation into the facts relating

26   to this litigation is ongoing and incomplete. Accordingly, defendant responds to the Request

27   based on the information presently available to it and without prejudice to its right to amend or

28   supplement its responses and present evidence that may hereafter be discovered or become

    available to it.

1    2. Inadvertent production of any document subject to any applicable privilege or doctrine,

2   including, but not limited to, the attorney-client privilege and work product doctrine, is not

3   intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in

4   part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the

5   right to object to any use of such document, or of the information contained therein.

6    3. Defendant has made reasonable efforts to respond to the Request, to the extent it has not

7   been objected to, as defendant understands and interprets the Request.  If plaintiff subsequently

8   asserts an interpretation of any request that differs from that of defendant, defendant reserves the

9   right to supplement its objections and responses.

10    4. Defendant's responses are made without in any way intending to waive or waiving, but on

11   the contrary, intended to preserve and preserving:

12    (a) The right to raise all questions of authenticity, foundation, relevancy, materiality,

13   privilege and admissibility as evidence for any purpose of any information identified in response

14   to the Request that may arise in any subsequent proceeding in, or the trial of, this or any other

15   action.

16    (b) The right to object to the use of these responses in any subsequent proceeding in, or

17   the trial of, this or any other action on any grounds;

18    (c) The right to object to the introduction into evidence of these responses; and

19    (d) The right to object on any ground at any time to the other requests for production or

20   other discovery involving the subject matter thereof.

21   **GENERAL OBJECTIONS**

22   Defendant asserts the following objections to each request contained in the Request:

23   A.    Defendant objects to the each request to the extent it seeks documents that are not

24    relevant to the claim or defense of any party, or that otherwise exceed the bounds

25    of discovery set forth in Federal Rule of Civil Procedure 26.

26   B.    Defendant objects to each request to the extent it is vague, ambiguous, compound,

27    and/or unintelligible.

28

DEF'S OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI

C.  Defendant objects to each request to the extent it is repetitive, overly broad, and/or unduly burdensome.

D.  Defendant objects to each request to the extent it seeks documents protected by any applicable privilege, including attorney-client privilege, government privileges such as the deliberative process privilege, and the work product doctrine.

E.  Defendant objects to each request to the extent it seeks documents that are confidential and/or private.

F.  Defendant objects to each request to the extent it seeks documents that are protected from disclosure by any applicable statute (including the Privacy Act), regulation or law, or the Constitution.  Defendant has withheld information protected by disclosure by the Privacy Act and/or other applicable regulations and laws.

G.  Defendant objects to each request to the extent it seeks documents not in defendant's possession, custody or control.

H.  Defendant objects to each request to the extent it seeks documents in plaintiff's possession, custody, or control, documents already produced to plaintiff, and/or documents equally available to plaintiff from third parties.

I.  Defendant objects to each request to the extent it lacks foundation/assumes facts not in evidence.

J.  Defendant objects to each request to the extent it calls for a legal conclusion.

K.  By making these responses or agreeing to produce any documents, defendant does not concede the documents are discoverable or the request is proper, or that the information sought is relevant.  Further, by stating in these responses that it will produce documents, defendant does not represent that any document actually exists, but rather that defendant will make a reasonable, good faith search and attempt to ascertain whether any responsive documents do, in fact, exist.

L.  Defendant reserves the right to amend or supplement these responses.

DEF'S OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI

M.    Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred from these objections and responses.

N.    Defendant incorporates all of the above objections into each response below. By raising any similar or different objections below, defendant does not waive any of its general objections.

## RESPONSES TO REQUESTS

REQUEST NO. 1:

The driver run signed up sheet for 2002, 2003, and 2005.

RESPONSE TO REQUEST NO. 1:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant objects to this request as vague and ambiguous, especially as to the terms "driver run signed up sheet." Defendant objects to the extent this request seeks documents that are protected from disclosure by the Privacy Act.  Defendant also objects to this request as overly broad, especially as to time, and unduly burdensome.  Defendant also objects to the extent this request seeks documents that are protected by the attorney-client or work product privilege.

Subject to and without waiving the foregoing objections and based on defendant's understanding of this request, defendant responds as follows: Defendant has produced or will produce the tractor/trailer bid assignments for 2005. Defendant no longer possesses copies of the bid assignments for 2002 and 2003.

REQUEST NO. 2:

The name of the Promotion Board members and the results, "Who passed the Promotion Board for year 2001 and 2002."

RESPONSE TO REQUEST NO. 2:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant also objects that this request seeks not documents but information, and is therefore beyond the

DEF'S OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI

1   scope of Rule 34. Defendant objects to this request as vague and ambiguous, especially as to the

2   terms "the results," "the name of the Promotion Board members," and "who passed the

3   Promotion Board." Defendant objects to the extent this request seeks documents that are

4   protected from disclosure by the Privacy Act. Defendant also objects to this request as overly

5   broad, both in time and in subject matter, and unduly burdensome. Defendant also objects to the

6   extent this request seeks documents that are protected by the attorney-client or work product

7   privilege.

8       Subject to and without waiving the foregoing objections and based on defendant's

9   understanding of this request, defendant responds as follows: Based on the foregoing objections,

10  defendant will not respond to this request. Defendant does not have sufficient information to

11  determine the applicable Promotion Board or the Postal Service position referenced in the

12  request.

13  REQUEST NO. 3:

14      The Form 991 of the promoted supervisor from year 2000 to 2003.

15  RESPONSE TO REQUEST NO. 3:

16      Defendant incorporates all general objections. Defendant further objects to the extent this

17  request seeks documents that are irrelevant to the claims and defenses in this action. Defendant

18  objects to this request as vague and ambiguous, especially as to the term "the promoted

19  supervisor." Defendant objects to the extent this request seeks documents that are protected from

20  disclosure by the Privacy Act. Defendant also objects to this request as overly broad, as to both

21  time and subject matter, and unduly burdensome. Defendant also objects to the extent this

22  request seeks documents that are protected by the attorney-client or work product privilege.

23      Subject to and without waiving the foregoing objections and based on defendant's

24  understanding of this request, defendant responds as follows: Based on the foregoing objections,

25  defendant will not respond to this request. Defendant does not have sufficient information to

26  determine what supervisor is referenced in the request.

27  REQUEST NO. 4:

28      The clock ring of Jeffrey Tam from 2/28/05 to 8/25/05.

DEF'S OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI                                        5

RESPONSE TO REQUEST NO. 4:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant objects to this request as vague and ambiguous, especially as to the term "clock ring." Defendant also objects to this request as overly broad, especially as to time, and unduly burdensome. Defendant also objects to the extent this request seeks documents that are protected by the attorney-client or work product privilege.

Subject to and without waiving the foregoing objections and based on defendant's understanding of this request, defendant responds as follows: Defendant has produced or will produce all non-privileged, responsive documents in its control, custody or possession.

REQUEST NO. 5:

Bull Mail Assistant tour signed up sheet for year 2005.

RESPONSE TO REQUEST NO. 5:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant objects to this request as vague and ambiguous, especially as to the terms "bull mail" and "signed up sheet." Defendant also objects to this request as overly broad, especially as to time, and unduly burdensome. Defendant also objects to the extent this request seeks documents that are protected by the attorney-client or work product privilege.

Subject to and without waiving the foregoing objections and based on defendant's understanding of this request, defendant responds as follows: Defendant has produced or will produce all non-privileged, responsive documents in its control, custody or possession.

REQUEST NO. 6:

Accident and medical report for Jeffrey Tam for 12/26/06.

RESPONSE TO REQUEST NO.6:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant objects to this request as vague and ambiguous. Defendant also objects to this request as overly

1   broad, especially as to time. Defendant also objects to the extent this request seeks documents

2   that are protected by the attorney-client or work product privilege.

3           Subject to and without waiving the foregoing objections and based on defendant's

4   understanding of this request, defendant responds as follows: Defendant is still in the process of

5   determining whether such a report exists and will supplement its response as necessary.

6   REQUEST NO. 7:

7           No Call in Policy for Overtime. "What did Mr. Chadha refer to when he said "No call in

8   policy for overtime?"

9   RESPONSE TO REQUEST NO. 7:

10          Defendant incorporates all general objections. Defendant further objects to the extent this

11  request seeks documents that are irrelevant to the claims and defenses in this action. Defendant

12  objects to this request as vague and ambiguous, especially as to the term "no call in policy for

13  overtime." Defendant further objects that this request seeks not documents but information, and

14  is therefore beyond the scope of Rule 34. Defendant also objects to this request as overly broad,

15  as to both time and subject matter, and unduly burdensome. Defendant also objects to the extent

16  this request seeks documents that are protected by the attorney-client or work product privilege.

17          Subject to and without waiving the foregoing objections and based on defendant's

18  understanding of this request, defendant responds as follows: Mr. Chadha wrote a letter in 2002

19  to all supervisors, advising them that they should not call employees at home to request that they

20  work overtime. There was no agreement with the union to call employees at home to request

21  overtime work. Defendant is in the process of locating that letter and will supplement its

22  responses as necessary.

23  REQUEST NO. 8:

24          The Year 2007 original annual leave signed up sheet, "I want to examine this sheet with

25  management."

26  RESPONSE TO REQUEST NO. 8:

27          Defendant incorporates all general objections. Defendant further objects to the extent

28  this request seeks documents that are irrelevant to the claims and defenses in this action.

1  Defendant objects to this request as vague and ambiguous, especially as to the term "original

2  annual leave signed up."  Defendant also objects to this request as overly broad, especially as to

3  time, and unduly burdensome.  Defendant further objects that this request seeks not documents

4  but information, and is therefore beyond the scope of Rule 34. Defendant also objects to the

5  extent this request seeks documents that are protected by the attorney-client or work product

6  privilege.

7       Subject to and without waiving the foregoing objections and based on defendant's

8  understanding of this request, defendant responds as follows: Based on the foregoing objections,

9  defendant is currently trying determine whether such a document exists, and will supplement its

10  responsive as necessary.

11

12                                    Respectfully submitted,

13                                    SCOTT N. SCHOOLS
                                      United States Attorney

14

15  Dated: November 5, 2007

16                                    JENNIFER S WANG
                                      Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

<u>Jeffrey W. Tam v. John E. Potter</u>
Case No. CV 07-2747 JCS

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

____ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **CERTIFIED MAIL** (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **ELECTRONIC MAIL**

__X__ **FEDERAL EXPRESS**

____ **FACSIMILE (FAX)** Telephone No.:  <u>See Below</u>

to the party(ies) addressed as follows:

Jeffrey W Tam
408 Yorkshire Road
Alameda, CA 94501
(510) 522-5534
PRO SE

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 5, 2007 at San Francisco, California.

BONNY WONG
Legal Assistant

Exhibit C

1   SCOTT N. SCHOOLS (SCBN 9990)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   JENNIFER S WANG (CSBN 233155)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-6967
6       Facsimile:  (415) 436-6748
7   Attorneys for Federal Defendant
8
9                       UNITED STATES DISTRICT COURT
10                    NORTHERN DISTRICT OF CALIFORNIA
11                        SAN FRANCISCO DIVISION
12  JEFFREY W. TAM,                    )    No. 07-2747 SI
                                       )
13          Plaintiff,                 )    DEFENDANT'S FIRST AMENDED
                                       )    OBJECTIONS AND RESPONSES TO
14      v.                             )    PLAINTIFF'S  FIRST SET OF
                                       )    REQUESTS FOR PRODUCTION OF
15  JOHN E. POTTER,                    )    DOCUMENTS
                                       )
16          Defendant.                 )
                                       )
17  _____)

18  PROPOUNDING PARTY:   PLAINTIFF JEFFREY W. TAM

19  RESPONDING PARTY:    DEFENDANT

20  SET NO.:             ONE

21          Pursuant to Federal Rule of Civil Procedure 34, defendant John E. Potter hereby provides

22  amended objections and responses to plaintiff's first request for production of documents ("the

23  Request").

24                        **PRELIMINARY STATEMENT**

25      1. Defendant has made a diligent search and reasonable inquiry in an effort to respond to the

26  Request.  However, discovery is continuing and defendant's investigation into the facts relating

27  to this litigation is ongoing and incomplete.  Accordingly, defendant responds to the Request

28  based on the information presently available to it and without prejudice to its right to amend or

1  supplement its responses and present evidence that may hereafter be discovered or become

2  available to it.

3      2. Inadvertent production of any document subject to any applicable privilege or doctrine,

4  including, but not limited to, the attorney-client privilege and work product doctrine, is not

5  intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in

6  part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the

7  right to object to any use of such document, or of the information contained therein.

8      3. Defendant has made reasonable efforts to respond to the Request, to the extent it has not

9  been objected to, as defendant understands and interprets the Request.  If plaintiff subsequently

10  asserts an interpretation of any request that differs from that of defendant, defendant reserves the

11  right to supplement its objections and responses.

12      4. Defendant's responses are made without in any way intending to waive or waiving, but on

13  the contrary, intended to preserve and preserving:

14      (a) The right to raise all questions of authenticity, foundation, relevancy, materiality,

15  privilege and admissibility as evidence for any purpose of any information identified in response

16  to the Request that may arise in any subsequent proceeding in, or the trial of, this or any other

17  action.

18      (b) The right to object to the use of these responses in any subsequent proceeding in, or

19  the trial of, this or any other action on any grounds;

20      (c) The right to object to the introduction into evidence of these responses; and

21      (d) The right to object on any ground at any time to the other requests for production or

22  other discovery involving the subject matter thereof.

23                          **GENERAL OBJECTIONS**

24      Defendant asserts the following objections to each request contained in the Request:

25      A.      Defendant objects to each request to the extent it seeks documents that are not

26              relevant to the claim or defense of any party, or that otherwise exceed the bounds

27              of discovery set forth in Federal Rule of Civil Procedure 26.

28

DEF'S 1st AM. OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI

1    B.    Defendant objects to each request to the extent it is vague, ambiguous, compound,

2          and/or unintelligible.

3    C.    Defendant objects to each request to the extent it is repetitive, overly broad, and/or

4          unduly burdensome.

5    D.    Defendant objects to each request to the extent it seeks documents protected by

6          any applicable privilege, including attorney-client privilege, government

7          privileges such as the deliberative process privilege, and the work product

8          doctrine.

9    E.    Defendant objects to each request to the extent it seeks documents that are

10         confidential and/or private.

11   F.    Defendant objects to each request to the extent it seeks documents that are

12         protected from disclosure by any applicable statute (including the Privacy Act),

13         regulation or law, or the Constitution.  Defendant has withheld information

14         protected by disclosure by the Privacy Act and/or other applicable regulations and

15         laws.

16   G.    Defendant objects to each request to the extent it seeks documents not in

17         defendant's possession, custody or control.

18   H.    Defendant objects to each request to the extent it seeks documents in plaintiff's

19         possession, custody, or control, documents already produced to plaintiff, and/or

20         documents equally available to plaintiff from third parties.

21   I.    Defendant objects to each request to the extent it lacks foundation/assumes facts

22         not in evidence.

23   J.    Defendant objects to each request to the extent it calls for a legal conclusion.

24   K.    By making these responses or agreeing to produce any documents, defendant does

25         not concede the documents are discoverable or the request is proper, or that the

26         information sought is relevant.  Further, by stating in these responses that it will

27         produce documents, defendant does not represent that any document actually

28

DEF'S 1st AM. OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI

1    exists, but rather that defendant will make a reasonable, good faith search and

2    attempt to ascertain whether any responsive documents do, in fact, exist.

3    L.    Defendant reserves the right to amend or supplement these responses.

4    M.    Except for explicit facts admitted herein, no admissions of any nature whatsoever

5          are implied or should be inferred from these objections and responses.

6    N.    Defendant incorporates all of the above objections into each response below.  By

7          raising any similar or different objections below, defendant does not waive any of

8          its general objections.

9

10                              **RESPONSES TO REQUESTS**

11   REQUEST NO. 1:

12         The driver run signed up sheet for 2002, 2003, and 2005.

13   RESPONSE TO REQUEST NO. 1:

14         Defendant incorporates all general objections.  Defendant further objects to the extent this

15   request seeks documents that are irrelevant to the claims and defenses in this action.  Defendant

16   objects to this request as vague and ambiguous, especially as to the terms "driver run signed up

17   sheet."  Defendant objects to the extent this request seeks documents that are protected from

18   disclosure by the Privacy Act.  Defendant also objects to this request as overly broad, especially

19   as to time, and unduly burdensome.  Defendant also objects to the extent this request seeks

20   documents that are protected by the attorney-client or work product privilege.

21         Subject to and without waiving the foregoing objections and based on defendant's

22   understanding of this request, defendant responds as follows: Defendant has produced or will

23   produce the tractor/trailer bid assignments for 2005.  Defendant has located a copy of the 2002

24   bid assignment and has produced a copy to plaintiff.  Defendant no longer possesses copies of the

25   bid assignments for 2003.

26   REQUEST NO. 2:

27         The name of the Promotion Board members and the results, "Who passed the Promotion

28   Board for year 2001 and 2002."

DEF'S 1st AM. OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI

RESPONSE TO REQUEST NO. 2:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant also objects that this request seeks not documents but information, and is therefore beyond the scope of Rule 34. Defendant objects to this request as vague and ambiguous, especially as to the terms "the results," "the name of the Promotion Board members," and "who passed the Promotion Board." Defendant objects to the extent this request seeks documents that are protected from disclosure by the Privacy Act. Defendant also objects to this request as overly broad, both in time and in subject matter, and unduly burdensome. Defendant also objects to the extent this request seeks documents that are protected by the attorney-client or work product privilege.

Subject to and without waiving the foregoing objections and based on defendant's understanding of this request, defendant responds as follows: Defendant has produced the promotion package from September 2003. Defendant has located no other non-privileged documents responsive to this request.

REQUEST NO. 3:

The Form 991 of the promoted supervisor from year 2000 to 2003.

RESPONSE TO REQUEST NO. 3:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant objects to this request as vague and ambiguous, especially as to the term "the promoted supervisor." Defendant objects to the extent this request seeks documents that are protected from disclosure by the Privacy Act. Defendant also objects to this request as overly broad, as to both time and subject matter, and unduly burdensome. Defendant also objects to the extent this request seeks documents that are protected by the attorney-client or work product privilege.

Subject to and without waiving the foregoing objections and based on defendant's understanding of this request, defendant responds as follows: Defendant has produced the

1    promotion package from September 2003.  Defendant has located no other non-privileged

2    documents responsive to this request.

3    REQUEST NO. 4:

4         The clock ring of Jeffrey Tam from 2/28/05 to 8/25/05.

5    RESPONSE TO REQUEST NO. 4:

6         Defendant incorporates all general objections.  Defendant further objects to the extent this

7    request seeks documents that are irrelevant to the claims and defenses in this action.  Defendant

8    objects to this request as vague and ambiguous, especially as to the term "clock ring."  Defendant

9    also objects to this request as overly broad, especially as to time, and unduly burdensome.

10   Defendant also objects to the extent this request seeks documents that are protected by the

11   attorney-client or work product privilege.

12        Subject to and without waiving the foregoing objections and based on defendant's

13   understanding of this request, defendant responds as follows: Defendant has produced or will

14   produce all non-privileged, responsive documents in its control, custody or possession.

15   REQUEST NO. 5:

16        Bull Mail Assistant tour signed up sheet for year 2005.

17   RESPONSE TO REQUEST NO. 5:

18        Defendant incorporates all general objections.  Defendant further objects to the extent this

19   request seeks documents that are irrelevant to the claims and defenses in this action.  Defendant

20   objects to this request as vague and ambiguous, especially as to the terms "bull mail" and "signed

21   up sheet."  Defendant also objects to this request as overly broad, especially as to time, and

22   unduly burdensome.  Defendant also objects to the extent this request seeks documents that are

23   protected by the attorney-client or work product privilege.

24        Subject to and without waiving the foregoing objections and based on defendant's

25   understanding of this request, defendant responds as follows: Defendant has produced or will

26   produce all non-privileged, responsive documents in its control, custody or possession.

27   REQUEST NO. 6:

28        Accident and medical report for Jeffrey Tam for 12/26/06.

DEF'S 1st AM. OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI                                    6

RESPONSE TO REQUEST NO.6:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant objects to this request as vague and ambiguous. Defendant also objects to this request as overly broad, especially as to time. Defendant also objects to the extent this request seeks documents that are protected by the attorney-client or work product privilege.

Subject to and without waiving the foregoing objections and based on defendant's understanding of this request, defendant responds as follows: Defendant has produced a copy of an Authorization for Medical Attention dated October 11, 2007. Defendant has located no other non-privileged documents responsive to this request.

REQUEST NO. 7:

No Call in Policy for Overtime. "What did Mr. Chadha refer to when he said "No call in policy for overtime?"

RESPONSE TO REQUEST NO. 7:

Defendant incorporates all general objections. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant objects to this request as vague and ambiguous, especially as to the term "no call in policy for overtime." Defendant further objects that this request seeks not documents but information, and is therefore beyond the scope of Rule 34. Defendant also objects to this request as overly broad, as to both time and subject matter, and unduly burdensome. Defendant also objects to the extent this request seeks documents that are protected by the attorney-client or work product privilege.

Subject to and without waiving the foregoing objections and based on defendant's understanding of this request, defendant responds as follows: Mr. Chadha wrote a letter in 2003 to all supervisors, advising them that they should not call employees at home to request that they work overtime. There was no agreement with the union to call employees at home to request overtime work. Defendant has produced a copy of Mr. Chadha's 2003 email.

REQUEST NO. 8:

1  The Year 2007 original annual leave signed up sheet, "I want to examine this sheet with

2  management."

3  RESPONSE TO REQUEST NO. 8:

4  Defendant incorporates all general objections. Defendant further objects to the extent

5  this request seeks documents that are irrelevant to the claims and defenses in this action.

6  Defendant objects to this request as vague and ambiguous, especially as to the term "original

7  annual leave signed up." Defendant also objects to this request as overly broad, especially as to

8  time, and unduly burdensome. Defendant further objects that this request seeks not documents

9  but information, and is therefore beyond the scope of Rule 34. Defendant also objects to the

10  extent this request seeks documents that are protected by the attorney-client or work product

11  privilege.

12  Subject to and without waiving the foregoing objections and based on defendant's

13  understanding of this request, defendant responds as follows: Defendant has produced all non-

14  privileged documents responsive to this request.

15

16  Respectfully submitted,

17  SCOTT N. SCHOOLS
United States Attorney

18

19  Dated: December 21, 2007

20  JENNIFER S WANG
Assistant United States Attorney

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that on December 21, 2007, she caused a copy of:

**DEFENDANT'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

to be served by mail upon the person at the place and address(es) stated below, which is the last known address:

| | |
|---|---|
| Jeffrey W. Tam<br>408 Yorkshire Road<br>Alameda, CA 94501<br>(510) 522-5534 | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 21, 2007

BONNY WONG
Legal Assistant

DEF'S 1st AM. OBJ. & RESP. TO PL.'S FIRST REQ. FOR PROD. OF DOCS.
C07-2747 SI                                      9

Exhibit D

1 Jeffrey W. Tam
2 408 Yorkshire Road
3 Alameda, Ca 94501
4
5
6 January 28, 2008
7
8 SCOTT N. SCHOOLS (SCBN 9990)
9 United States Attorney
10 JOANN M. SWANSON (CSBN 88143)
11 Chief, Civil Division
12 JENNIFER S WANG (CSBN 233155)
13 Assistant United States Attorney
14
15 450 Golden Gate Avenue, Box 36055
16 San Francisco, California 94102-3495
17 Tel: (415) 436-6967
18 Fax: (415) 436-6748
19
20               UNITED STATES DISTRICT COURT
21               NORTHERN DISTRICT OF CALIFORNIA
22               SAN FRANCISCO DIVISON
23
24 JEFFREY W. TAM              No. 07-2747 SI
25    Plaintiff               PLAINTIFF'S FIFTH SET OF REQUESTS
26    v.                      FOR PRODUCTION OF DOCUMENTS
27 JOHN E. POTTER
28    Defendant
29
30
31 Re:  Jeffrey W. Tam v. John E. Potter, Postmaster General, United States Postal Services
32       C07-02747 SI
33
34 Ms. Jennifer Wang,
35
36 Please provide the following:
37   20   A list of applicant's name for the supervisor promotion provided by the Postal Service
38        Personnel Department for year 1999, 2000, 2001, 2002 & 2003.
39   21   A list of applicant's name who are selected by the board for the supervisor promotion
40        for year 1999, 2000, 2001, 2002 & 2003.
41
42
43
44

CASE NO. 07-02747 SI

CERTIFICATE OF SERVICE
The undersigned herby certifies that he is an employee of the United States Postal Services. The undersigned certifies that this complaint is served by First Class Mail.

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495


I declare under penalty of prejury under the laws of the United States that the foregoingis true and correct.
Executed on January 28, 2008 at Alameda, California



Jeffrey W. Tam

408 Yorkshire Road
Alameda, Ca 94501

Exhibit E

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JENNIFER S WANG (CSBN 233155)
   Assistant United States Attorney
4
    450 Golden Gate Avenue, Box 36055
5   San Francisco, California 94102-3495
    Telephone: (415) 436-6967
6   Facsimile:  (415) 436-6748

7  Attorneys for Federal Defendant

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  JEFFREY W. TAM,                  )    No. 07-2747 SI
                                     )
13        Plaintiff,                 )    **DEFENDANT'S OBJECTIONS AND**
                                     )    **RESPONSES TO PLAINTIFF'S FIFTH**
14        v.                         )    **SET OF REQUESTS FOR**
                                     )    **PRODUCTION OF DOCUMENTS**
15  JOHN E. POTTER,                  )
                                     )
16        Defendant.                 )
                                     )
17  _____ )

18  PROPOUNDING PARTY:    PLAINTIFF JEFFREY W. TAM

19  RESPONDING PARTY:     DEFENDANT

20  SET NO.:              FIVE

21       Pursuant to Federal Rule of Civil Procedure 34, defendant John E. Potter hereby objects

22  and responds to plaintiff's fifth request for production of documents ("the Request").

23                      **PRELIMINARY STATEMENT**

24       1. Defendant has made a diligent search and reasonable inquiry in an effort to respond to the

25  Request.  However, discovery is continuing and defendant's investigation into the facts relating

26  to this litigation is ongoing and incomplete.  Accordingly, defendant responds to the Request

27  based on the information presently available to it and without prejudice to its right to amend or

28  supplement its responses and present evidence that may hereafter be discovered or become

    available to it.

2. Inadvertent production of any document subject to any applicable privilege or doctrine, including, but not limited to, the attorney-client privilege and work product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document, or of the information contained therein.

3. Defendant has made reasonable efforts to respond to the Request, to the extent it has not been objected to, as defendant understands and interprets the Request. If plaintiff subsequently asserts an interpretation of any request that differs from that of defendant, defendant reserves the right to supplement its objections and responses.

4. Defendant's responses are made without in any way intending to waive or waiving, but on the contrary, intended to preserve and preserving:

(a) The right to raise all questions of authenticity, foundation, relevancy, materiality, privilege and admissibility as evidence for any purpose of any information identified in response to the Request that may arise in any subsequent proceeding in, or the trial of, this or any other action.

(b) The right to object to the use of these responses in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

(c) The right to object to the introduction into evidence of these responses; and

(d) The right to object on any ground at any time to the other requests for production or other discovery involving the subject matter thereof.

## GENERAL OBJECTIONS

Defendant asserts the following objections to each request contained in the Request:

A.    Defendant objects to each request to the extent it seeks documents that are not relevant to the claim or defense of any party, or that otherwise exceed the bounds of discovery set forth in Federal Rule of Civil Procedure 26.

B.    Defendant objects to each request to the extent it is vague, ambiguous, compound, and/or unintelligible.

DEF'S OBJ. & RESP. TO PL.'S FIFTH REQ. FOR PROD. OF DOCS.
C07-2747 SI

C.  Defendant objects to each request to the extent it is repetitive, overly broad, and/or unduly burdensome.

D.  Defendant objects to each request to the extent it seeks documents protected by any applicable privilege, including attorney-client privilege, government privileges such as the deliberative process privilege, and the work product doctrine.

E.  Defendant objects to each request to the extent it seeks documents that are confidential and/or private.

F.  Defendant objects to each request to the extent it seeks documents that are protected from disclosure by any applicable statute (including the Privacy Act), regulation or law, or the Constitution.  Defendant has withheld information protected by disclosure by the Privacy Act and/or other applicable regulations and laws.

G.  Defendant objects to each request to the extent it seeks documents not in defendant's possession, custody or control.

H.  Defendant objects to each request to the extent it seeks documents in plaintiff's possession, custody, or control, documents already produced to plaintiff, and/or documents equally available to plaintiff from third parties.

I.  Defendant objects to each request to the extent it lacks foundation/assumes facts not in evidence.

J.  Defendant objects to each request to the extent it calls for a legal conclusion.

K.  By making these responses or agreeing to produce any documents, defendant does not concede the documents are discoverable or the request is proper, or that the information sought is relevant.  Further, by stating in these responses that it will produce documents, defendant does not represent that any document actually exists, but rather that defendant will make a reasonable, good faith search and attempt to ascertain whether any responsive documents do, in fact, exist.

L.  Defendant reserves the right to amend or supplement these responses.

DEF'S OBJ. & RESP. TO PL.'S FIFTH REQ. FOR PROD. OF DOCS.
C07-2747 SI

M.    Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred from these objections and responses.

N.    Defendant incorporates all of the above objections into each response below. By raising any similar or different objections below, defendant does not waive any of its general objections.

## RESPONSES TO REQUESTS

REQUEST NO. 20:

A list of applicant's name for the supervisor promotion provided by the Postal Service Personnel Department for year 1999, 2000, 2001, 2002 & 2003.

RESPONSE TO REQUEST NO. 20:

Defendant incorporates all general objections. Defendant objects that this request seeks not documents but information, and is therefore beyond the scope of Rule 34. Defendant further objects that this request is duplicative of Requests number 2 and 3, and Interrogatory number 1. Defendant further objects to the extent this request seeks documents that are irrelevant to the claims and defenses in this action. Defendant objects to this request as vague and ambiguous, especially as to the phrases "for the supervisor promotion," and "provided by . . . for year 1999, 2000, 2001, 2002 & 2003." Defendant also objects to this request as overly broad and unduly burdensome. Defendant objects to each request to the extent it seeks documents in plaintiff's possession, custody, or control, and/or documents equally available to plaintiff from third parties. Defendant also objects to the extent this request seeks documents that are protected by the attorney-client or work product privilege.

Subject to and without waiving the foregoing objections and based on defendant's understanding of this request, defendant responds as follows: Defendant understands plaintiff's request to refer to applicants for promotions to supervisor of transportation positions posted on November 10, 1999; January 31, 2000; March 6, 2001; January 15, 2002; and September 10, 2003. Pursuant to defendant's retention period for promotion packages, defendant no longer possesses application materials related to the November 1999; January 2000; March 2001; or

DEF'S OBJ. & RESP. TO PL.'S FIFTH REQ. FOR PROD. OF DOCS.
C07-2747 SI

1  January 2002 postings for promotions to supervisor of transportation.   Defendant has produced

2  information related to the September 10, 2003 posting for promotion to supervisor of

3  transportation, and refers plaintiff to documents bates stamped USPS0605 to USPS0683.

4  Defendant has located no other non-privileged documents responsive to this request.

5  REQUEST NO. 21:

6      A list of applicant's name who are selected by the board for the supervisor promotion for

7  year 1999, 2000, 2001, 2002 & 2003.

8  RESPONSE TO REQUEST NO. 21:

9      Defendant incorporates all general objections. Defendant objects that this request seeks

10 not documents but information, and is therefore beyond the scope of Rule 34. Defendant further

11 objects that this request is duplicative of Requests number 2 and 3, and Interrogatory number 1.

12 Defendant further objects to the extent this request seeks documents that are irrelevant to the

13 claims and defenses in this action. Defendant objects to this request as vague and ambiguous

14 especially as to the phrases "who are selected by the board," and "the supervisor promotion."

15 Defendant also objects to this request as overly broad and unduly burdensome. Defendant

16 objects to each request to the extent it seeks documents in plaintiff's possession, custody, or

17 control, and/or documents equally available to plaintiff from third parties. Defendant also

18 objects to the extent this request seeks documents that are protected by the attorney-client or

19 work product privilege.

20     Subject to and without waiving the foregoing objections and based on defendant's

21 understanding of this request, defendant responds as follows: Defendant understands plaintiff's

22 request to refer to applicants for promotions to supervisor of transportation positions posted on

23 November 10, 1999; January 31, 2000; March 6, 2001; January 15, 2002; and September 10,

24 2003. Pursuant to defendant's retention period for promotion packages, defendant no longer

25 possesses application materials related to the November 1999; January 2000; March 2001; or

26 January 2002 postings for promotions to supervisor of transportation.   Defendant has produced

27 information related to the September 10, 2003 posting for promotion to supervisor of

28 transportation, and refers plaintiff to documents bates stamped USPS0605 to USPS0683.

1    Defendant has located no other non-privileged documents responsive to this request.

2

3                                        Respectfully submitted,

4                                        JOSEPH R. RUSSONIELLO
                                         United States Attorney
5

6    Dated: February 29, 2008

7                                        JENNIFER S WANG
                                         Assistant United States Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that on February 29, 2008 she caused a copy of:

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

to be served by mail upon the person at the place and address(es) stated below, which is the last known address:

| Jeffrey W. Tam | |
| 408 Yorkshire Road | |
| Alameda, CA 94501 | |
| (510) 522-5534 | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 29, 2008

BONNY WONG
Legal Assistant

DEF'S OBJ. & RESP. TO PL.'S FIFTH REQ. FOR PROD. OF DOCS.
C07-2747 SI                                    7