1 | Jeffrey W. Tam
2 | 408 Yorkshire Road
3 | Alameda, Ca 94501
4
5
6 | Date: July 9, 2008
7
8 | To:    Clerk, United States District Court
9 |         450 Golden Gate Avenue, Box 36060
10 |        San Francisco, California 94102
11
12
13
14
15
16 |                    UNITED STATES DISTRICT COURT
17 |                   NORTHERN DISTRICT OF CALIFORNIA
18 |                       SAN FRANCISCO DIVISION
19
20 | JEFFREY W. TAM                     No. 07-2747 SI
21 |     Plaintiff                     ORDER DIRECTING SUPPLEMENTAL
22 |     v.                            BRIEFING
23 | JOHN E. POTTER
24 |     Defendant                     Date:  July 9, 2008
25
26
27 | Re:  Plaintiff replies / responds to the order directing supplemental briefing.
28 |        C07-02747 SI
29
30 |   1 On May 28, 2002, Plaintiff submitted the request to return to be a tractor-Trailer
31 |    operator (TTO) .to Mr. Keith Inouye and to the Union Shop Steward, Mr. Perry.
32 |    deposition of K Inouye Ex 6. Mr. Inouye suggested to submit the request to the
33 |    USPS Human Resource manager, Ms. Virginia Clover in July 2002 when
34 |    there was residual vacancy, deposition of K Inouye Ex 7. The return to be a TTO
35 |    was granted and the driving training was completed in August 2002. There must
36 |    be vacant TTO position in order to grant the Plaintiff to receive the driving training,
37 |    deposition of K Inouye Ex 8.
38
39 |   2 The USPS office prepares the following year bid work sheet around October.
40 |    Union rectifies the work schedules.   The bid sheet for the drivers is available
41 |    in December. In September 2002, Mr. Reinosa passed away.  A vacant position
42
43 |                                    Page 1 of 4



RECEIVED

JUL 1 1 2008
FILED
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1
2
3 No. 07-2747 IS
4
5 Date: July 9, 2008
6
7    was available.  More vacant TTO positions must be available in year 2002 because
8    the year 2003 TTO bid sheet had 12 residual positions available. From the month
9    of Mr. Reinosa's death to the month of the year 2003 bid sheet preparation month,
10    it was only about 2 months apart in October 2002.  There were 12 vacant TTO
11    positions on the year 2003 TTO bid sheet.  Obviously, those vacant positions
12    could not be appeared all at once between September and November 2002.
13    Therefore, there were TTO vacant positions through out the year 2002.
14
15    3 Plaintiff did not request for the document production to answer if  the TTO positions
16    vacant in May 2002 were awarded to the part-time drivers.
17
18    4 The year 2005 TTO bid sheet had 6 vacant position for Tour 1.  The Tour 2 & 3
19    bid sheets were not provided by the defendant to show those vacant record.
20
21    5 Yes, there were TTO vacant position in May 2005 and through out the year
22    from the January 2005 driver bid sheet..
23
24    6 Plaintiff did not know if all of the TTO positions vacant in May 2005 were
25    awarded to part-time drivers.  In deposition of K Inouye Ex 29, question 11,
26    those four mail handlers and mail carriers from another installation.  Gibert
27    Johnson, Guminder Singh, Louis Peralta and Stan Simpson Caucasian
28    were assigned to be part time fixed to MVO.  They were in different scenario
29    than the Plaintiff.  The Plaintiff is in the same installation to be reassigned.
30    According to the Article 39, Plaintiff should be returning as a full time TTO.
31    In disposition of k Inouye Ex 29, question 12, Steve Castillo, a part time
32    fixed was converted to a full time MVO in November 2005.  Plaintiff who had
33    20 years of driving seniority in the same installation should be promoted in Nov 05.
34    Assumed that the Plaintiff was a part time fixed, but he should not be a part
35    time fixed. The Plaintiff should have more seniority than Castillo.  In disposition
36    K Inouye, page 32 line 19 to 24. Mr. Inouye understood the Plaintiff had more
37    seniority than Castillo,  yet, Mr. Inouye still promoted Castillo as full time fixed.
38
39    7 Yes, the plaintiff's electronic reassignment request was to request for a
40    full time TTO reassignment.  Actually, plaintiff did not have to apply the
41    TTO position through the USPS eReassign, but the USPS Management
42
43                                    Page 2 of 4

1
2
3 No. 07-2747 IS
4
5 Date: July 9, 2008
6
7   has asked the plaintiff to submit the eReassign.  According to the
8   eReassign, disposition of B Chadha, Ex 8, employee can not submit a
9   reassignment request to their current office in eReassign.  When the
10  Plaintiff informed the Management that the e Reassign should not be
11  applied to the plaintiff, the Management requested the plaintiff to take
12  the internal examination, which the Plaintiff had a score of 81, disposition
13  of B Chadha, Ex 10.  Plaintiff was then asked to be interviewed for a
14  part time job that the Plaintiff had for the last 26 years.  According to the
15  USPS-APWU Joint Contract Interpretation Manual, Article 39.1.B.2
16  sets the seniority for preferred assignments for motor vehicle
17  employees who leave one position designation for another within the
18  craft and same installation and return to their former position and level.
19  The returning employee would regain the seniority the employee had
20  at the point he/she left the position designation, without credit for time
21  spent in the other position designation and level within 90 days (Article
22  39.1.B.5.c), retain their seniority, augmented by the time spent in the other
23  position designation and level, provided they remained in the same
24  installation. Article 39.1.B.5.c allows for employees returning to the motor
25  vehicle craft to regain craft seniority.
26
27  8 Since the plaintiff had submitted the requests to go back driving many, many
28    times due the staging work hours in the clerk position, plaintiff accepted the
29    Union suggestion to go back as a part time fixed TTO. Plaintiff could not
30    take on those bad working hours, which the Management had set up.
31
32
33
34
35
36
37
38
39
40
41
42
43                              Page 3 of 4

1 **CASE NO. 07-02747 SI**

2

3     CERTIFICATE OF SERVICE

4     The undersigned herby certifies that he is an employee of the United

5 States Postal Services.  The undersigned certifies that this reply is

6 served by First Class Mail.

7

8 To:     Clerk, United States District Court

9         450 Golden Gate Avenue, Box 36060

10        San Francisco, California 94102

11

12

13

14

15

16

17     I declare under penalty of prejury under the laws of the United States

18     that the foregoingis true and correct.

19     Executed on July 9, 2008 at Alameda, California

20

21

22

23     Jeffrey W. Tam

24

25         408 Yorkshire Road

26         Alameda, Ca 94501

27

28

29

30

31

32

33

34

35

36

37

38

39

40

41

42

43                    Page 4 of 4