*Original Doc. Return to Tracy for filing*

Jeffrey W. Tam
408 Yorkshire Road
Alameda, Ca 94501

Date: June 12, 2008

To:   Clerk, United States District Court
      450 Golden Gate Avenue, Box 36060
      San Francisco, California 94102

JUN 1 2 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY W. TAM | No. 07-2747 SI |
| Plaintiff | REPLYING TO DEFENDANT'S MOTION |
| v. | FOR SUMMARY JUDGMENT |
| JOHN E. POTTER | |
| Defendant | Date: June 12, 2008 |

Re: Jeffrey W. Tam v. John E. Potter, Postmaster General, United States Postal Services
    C07-02747 SI

I am over 18 years of age, am a resident of the State of California, am an employee of the United State Postal Services. The statement contained in this declaration are within my personal knowledge.

Plaintiff replies/responds to the defendant's motion for summary judgment.

1   The Collective Bargaining Agreement is a lawful contract between the American Postal
    Workers Union and the U.S. Postal Service. The defendant (USPS management) should
    comply this contract, but the defendant violated the contract to create the hazard
    work schedule and unfair work/time standard to hurt the plaintiff physically and mentally.
    The Union failed to represent the Plaintiff. The Plaintiff did not have the Collective

No. 07-2747 IS

Date: June 12, 2008

bargaining Agreement until year 2006. The Article 15 of this Agreement states that any employee who feels aggrieved must discuss the grievance with the employee's immediate supervisor within 14 days of the date on which the employee or the Union first learned or may reasonably have been expected to have learned of its cause. Plaintiff had made discussion with the Management on the issues and filed the grievance. However, the Management lied to the EEO judge, which stopped the transfer to go back to drive.

The Union informed me that I was no longer a clerk to file any grievance. The defendant should acknowledges the Collective Bargaining Agreement; however, the defendant did not comply this contract and continue to violate the Bargaining Agreement.

Therefore, this case #. 07-2747 SI is filed to the court for a fair judgment.

Attached are the exhibits from the transcript.
A  Deposition of Keith M. Inouye - December 26 ,2007 (Exhibit 1-31)
B  Deposition of Mr. Henry Orozco - January 15, 2008 (Exhibit 1-7)
C  Deposition of Ms. Barbara Delley - January 31, 2008 (Exhibit 1)
D  Deposition of Mr. Balvinder Chadha - February 6, 2008 (Exhibit 1-11)
E  Deposition of Ms. Toya Jackson - February 6, 2008
F  Deposition of Mr. Ernest Johnson - February 19, 2008
G  Deposition of Mr. Frank Taylor - February 19, 2008 (Exhibit 1)
H  Deposition of Ms. Gloria Benavides - February 20, 2008 (Exhibit 1-2)
I  Deposition of Ms. Deborah Nails - February 20, 2008 (Exhibit 1-2)
J  Deposition of Mr. Lucious Paulk - February 20, 2008
K  Class Action on contractual grievance

2  Plaintiff has talked to Mr. Keith Inouye, the Manager of Transportation Networks, United States Postal Service several times regarding the supervisor position promotion. There were other worker filed complaint also, but they were not intimidated. On October 26, 2004, an EEO complaint, # 94-0004-05, has filed to report that Mr. Inouye had approached and intimidated the plaintiff. Mr. Inouye discriminated against the plaintiff when he applied for the supervisor position in year 1999, 2000, 2001, 2002 & 2003. Mr. Inouye hired Mr. Bussby and Ms. Barbara Thomson, African Americans and Ms. Gloria Benvaides, a Hispanic as bulk mail supervisors. This violated Article 33, any position in the Motor Vehicle craft should promote

No. 07-2747 IS

Date: June 12, 2008

    in the unit first. The three Mail handlers were promoted at the first try. Also mail processing and delivery unit supervisor promotion requires going through Associate Supervisor Program, but the Motor Vehicle supervior promotion does not.
They were mail handlers, without Transportation and Network unit experience were promoted to be supervisors. When they were selected, plaintiff had 19 years of tractor-trailer operator and 3 years of bulk mail assistant experience. Plaintiff was also detailed as an acting supervisor. Plaintiff knew the operation in the Transportation and Networks unit well. When plaintiff confronted with Mr. Inouye, why he promoted Mr. Bussby. Mr. Inouye said he chose Mr. Bussby over the plaintiff because Mr. Bussby had a better resume than the plaintiff. The Plaintiff was not allowed to be in any selection process or review board. There was no board review like Mr. Inouye said. about the review board. Mr. Inouye had issued many disqualification letter to many Motor Craft acting supevisor.applicants. (Frank Taylor's disposition)
 I also confronted Mr. Inouye why he chose to promote Ms. Benavides. Mr. Inouye replied that he wanted to give the job opportunity to people outside the unit.
Mr. Inouye also said Ms. Gloria Benavides had waited too long for the position; therefore, she was offered for the position in year 2002.
On September 23, 2004, Mr. Inouye approached and intimated the plaintiff and said the plaintiff fought against the system. The plaintiff replied to Mr. Inouye that the plaintiff could run the operation better than the three promoted candidates. Mr. Inouye had claimed in the deposition that he used a Review Board to aid him in the selection process to promote. There was no Review Board for year 1999, 2000 or. 2003. The Plaintiff was not allowed in the selection process. The Plaintiff only received an interview in year 2003 .However, there is no Review Board members or selected candidates listing is provided when requesting for the document production. Mr. Inouye has not complied with the USPS Collective Bargaining Agreement Article 33. Mr. Inouye lie about there were boards in each promotion. The defendant refused to provide the Board members, the results of the board interview and the qualification of the applicants. Other Bulk Mail Assistants also filed EEO complaints or grievances, they were not intimated by the Management. The intimation EEO complaint was dismissed; therefore, Plaintiff brought the complaints to the Federal court for judgment.

3  Plaintiff suffered from those bad starting hours. There were no tour 1 or tour relief or tour 3 position. Plaintiff requested to go back to drive in year 2002. Plaintiff

No. 07-2747 IS

Date: June 12, 2008

received the driving training in year 2002, but Mr. Inouye stopped plaintiff to go back to drive. Plaintiff has made numerous requests to the Management to change the work hours and to transfer back to drive. The year 2003 schedule was set to relieve tour 1 and tour 3 also. This year 2003 schedule set up has no benefit to the SUPS. EEO case # 1F-946-0113-03 has been filed to change the work schedule. The Management only allowed the year 2004 working hours from the 2300 hours starting hours to 0430 hours on Thursday and Friday. The year 2005 was scheduled at a more harsh work hours, five different starting hours and two split day off. The schedule violated Article 1, 8, 14 & 34. The plaintiff was suppose a tour 2 relief; Management scheduled Plaintiff to work all three tours. The year 2005 Wed 1900 hours scheduled hours for the plaintiff. This work schedule set up was not necessary because there were 3 staffs in the office. There was no need for the third staff; it was not cost effective to schedule an extra third staff. The Management constituted the retaliation by setting up the harsh work schedule for the plaintiff year after year. The Wed start hour was 1900 and ended at 0330, then on Thurs started at 1500. The Union allowed the Management to violate the USPS Bargaining Agreement Article 1.6, 8, 14 and 34 A, B, and C for Work and/or Time Standards. Plaintiff had no choice but to file the lawsuit with the Federal court to determine the lawful practice.

4 Management had failed to allow Plaintiff to go back to drive in year 2002, even the driving training session was completed. Three Bulk Mail Assistants (clerks), Mr. Norman Davis, Ms. Debbie Nails and Mr. Denny Clark had received the "Full-time" driving

position in MVO. Ms. Debbie Nails, who transferred to the Bulk Mail Assistant jobs within 90 days and then transferred back to the driving job. She could get back the driver job and the seniority back. The Collective Bargaining Agreement Article 39, stated that Employees who change, or have changed, from one designation to another and who during continuous employment in the Motor Vehicle Service and in the same installation return to the former position designation and salary level regain the seniority they had in that position. Transfer back within the 90 days, employees retain the sonority and over 90 days the sonority does not retain.. Plaintiff had requested a hold down, Management honored those operator who had lower seniority date than he did. **In Mr. Inouye's disposition exhibit 25, page 5, he explained that in order to receive a reassignment, there must be a vacant position available.** According to Mr. Inouye's

No. 07-2747 IS

Date: June 12, 2008

disposition exhibit 23, there were 12 residual driver position, but Mr. Inouye did not allow the Plaintiff to go back to drive even the plaintiff submitted a written request to transfer back to drive, when Mr. Reinosa, a driver, passed away in September 2002. The request to go back to drive was due to the harsh work hours. Management knew that the plaintiff had the lowest seniority in the Motor Vehicle unit. No one would choose the harsh work schedule, it would be left for the Plaintiff. In year 2003, Management maliciously scheduled the relief run to relieve tour 1 (2300 hour) instead of tour 2 relief (0700 hour). EEO complaint # 1F-946-0113-03 has been filed to enhance a more reasonable work schedule. However, only partial changes had been made, (0430 hour) starting hour for both Thurs & Fri was offered by Management instead of (0700 hour). The mediator advised to accept the Management offer. For year 2005, Plaintiff continued to set up hazard work schedule, split day off, five different starting hours. Plaintiff maliciously set up an even more harsh work schedule for the Plaintiff, who had the least sonority to choose the work schedule.

| Day | Year 1999 to 2002 Start hour | Year 2003 Start hour | Year 2004 Start hour | Year 2005 Start hour |
|---|---|---|---|---|
| Sat | 0700 | 0700 | 0700 | Day Off |
| Sun | 0700 | 0700 | 0700 | 0700 |
| Mon | 1500 | 1500 | 1500 | Day Off |
| Tue | 1000 | Day Off | Day Off | 0500 |
| Wed | 700 | Day Off | Day Off | 1900 |
| Thurs | Day Off | 2300 | 0430 | 1500 |
| Fri | Day Off | 2300 | 0430 | 1600 |

In year 2005, Plaintiff put in request for reassignment to drive. It was denied at first. Plaintiff filed grievance. The grievance was also denied first. Then later, only allowed Plaintiff to go back as a Part-Time driver.
There was no reason not to allow the Plaintiff go back to drive. When the Plaintiff go back to drive, Plaintiff's clerk position would be opened for bid. In 2005, after the plaintiff went back to drive, four drivers made the bid for the clerk position.

5  Mr. Chadha stated that no call in overtime policy; but, Mr. Chadha called in Mr. William Jones in for overtime. When Mr. Paulk called the Plaintiff in for overtime. Mr. Chadha threatened Mr. Paulk that he would receive a warning letter if he continued to call Plaintiff

No. 07-2747 IS

Date: June 12, 2008

    Mr. Chadha honored Mr. William Jones grievance but denied the Plaintiff's grievance when the grievance was the same in violation of Article 1 & 8.
Different grievance settlement for different employee at his disposition. (Mr. Chadha's deposition, page 50 line 25 to page 51 line 6, and Exhibit 5 & 6)

6  In the traffic control office, there should be two clerks for each shift. One clerk would control the line drivers to deliver mails to the stations, airport or shipyard. The other clerk would control the 134 stalls and the jocky drivers to move the fully loaded trackers to storage and replace either empty or loaded trailer. When there is only one clerk on duty, Supervisor would have to perform Clerk's position. There was grievance settlement at Washington that only allow relief each clerk for lunch break (30 miins/1 hour each tour) See Exhibit k.

CASE NO. 07-02747 SI

CERTIFICATE OF SERVICE

The undersigned herby certifies that he is an employee of the United States Postal Services. The undersigned certifies that this reply is served by hand delivery..

To:     Clerk, United States District Court
        450 Golden Gate Avenue, Box 36060
        San Francisco, California 94102

I declare under penalty of prejury under the laws of the United States that the foregoingis true and correct.
Executed on June 12, 2008 at Alameda, California

_Jeffrey W. Tam_ (signed)

Jeffrey W. Tam

408 Yorkshire Road
Alameda, Ca 94501